## UNION PACIFIC RAILROAD COMPANY *v.* HADLEY, ADMINISTRATOR OF CRADIT.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 174. Argued March 7, 1918.—Decided March 18, 1918.

If the defendant's conduct, viewed as a whole, warrants a finding of negligence, the trial court may properly refuse to charge concerning each constituent item mentioned by the declaration, and leave the general question to the jury.

The fact that a brakeman, who was killed by a rear-end collision while in the caboose of a standing train, would have escaped if he had been at his post to give warning, as his duty required, does not make his neglect the only proximate cause of his death, if the collision was due also to negligent operation of the train coming from behind. The case is within the terms of Employers' Liability Act, § 1.

In an action under the Employers' Liability Act, where the evidence is such as to justify the jury in treating the employee's contributory negligence as slight, or inconsequential in its effects, the jury may properly find that nothing substantial should be deducted on account of it from the damages; and the fact that the verdict is excessive will not warrant an assumption that, in making such finding, the jury disobeyed the court's instructions on apportionment.

Where the state trial and supreme courts cut down an excessive verdict upon the assumption that the excess was due to the jury's failure to follow instructions on diminution of damages for contributory negligence, *held,* the assumption not being justified by the record, that their action did not invade the province of the jury under the Federal Employers' Liability Act, but was merely in exercise of their power to require a remittitur.

99 Nebraska, 349, affirmed.

THE case is stated in the opinion.

*Mr. N. H. Loomis,* with whom *Mr. A. G. Ellick* was on the briefs, for plaintiff in error.

*Mr. John J. Halligan,* with whom *Mr. Wesley T. Wilcox, Mr. C. Petrus Peterson, Mr. Robert W. Devoe* and *Mr. Joseph M. Swenson* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, for causing the death of Cradit, the plaintiff's (the defendant in error's) intestate. The case was brought to this Court before the Act of September 6, 1916, c. 448, 39 Stat. 726,

and with the exception of one or two matters that need a word, presents only the ordinary questions of negligence that it is not our practice to discuss at length.

The deceased was a brakeman on an eastbound freight train known as Extra 504 East. At Dix, in Nebraska, it was overtaken by another eastbound train known as Extra 501 East. There is a single track from Dix to Mile Post 426, 17 miles distant, and train 504 went ahead to this latter point. Train 501 followed for about half the distance to Potter and was held there until 504 had reached Mile Post 426, seven miles further on, when 501 was started on again, leaving its conductor there. But an Extra 510 West had broken down at Mile Post 426 and the train dispatcher at Sidney, about twelve miles still further east, ordered train 504 to take the disabled engine of 510 back to Sidney. The engineer asked the dispatcher to allow 504 to go on and to let 501, when it came up, take back the engine of 510, but it was refused. No. 501 came up, ran into 504 and killed Cradit and some others. The plaintiff says that the accident was due to at least contributory negligence of the railroad—the defendant that it was not negligent, that Cradit would not have been killed if he had done his duty and had gone back to warn the following train by lights, torpedoes, &c., instead of remaining in the caboose, as he did, and that this was the proximate cause of his death.

On the question of its negligence the defendant undertook to split up the charge into items mentioned in the declaration as constituent elements and to ask a ruling as to each. But the whole may be greater than the sum of its parts, and the Court was justified in leaving the general question to the jury if it thought that the defendant should not be allowed to take the bundle apart and break the sticks separately, and if the defendant's conduct viewed as a whole warranted a finding of neglect. Upon that point there can be no question. We are not

left to the mere happening of the accident.  There were block signals working on the road that gave automatic warning of danger to 501, and which it was negligent to pass, seen or unseen, as the engine crew knew where they were and that another train was not far ahead.  There was a snow storm raging which the jury might have found to have been of unprecedented violence, and it was open to them to find in view of circumstances unnecessary to detail that the dispatcher ought not to have sent out Extra 510 West as he did and that he was grossly wrong in not allowing 504 to come in and in not leaving it to 501 to bring back the disabled engine.  It might have been found improper to leave the conductor of 501 at Potter.  It is superfluous to say more upon this point.

But it is said that in any view of the defendant's conduct the only proximate cause of Cradit's death was his own neglect of duty.  But if the railroad company was negligent it was negligent at the very moment of its final act.  It ran one train into another when if it had done its duty neither train would have been at that place. Its conduct was as near to the result as that of Cradit. We do not mean that the negligence of Cradit was not contributory.  We must look at the situation as a practical unit rather than enquire into a purely logical priority. But even if Cradit's negligence should be deemed the logical last, it would be emptying the statute of its meaning to say that his death did not "result in part from the negligence of any of the employees" of the road.  Act of April 22, 1908, c. 149, § 1, 35 Stat. 65.  In *Great Northern Ry. Co.* v. *Wiles*, 240 U. S. 444, it appeared that the only negligence connected with the death was that of the brakeman who was killed.

The Court after instructing the jury that Cradit assumed the ordinary risks of his employment, but not extraordinary ones, in a form that is not open to criticism here, instructed them further that he was guilty of con-

tributory negligence, and that, under the statute, if the jury found it necessary to consider that defence, his negligence was to go by way of diminution of damages in proportions explained. The jury in answer to a question found that nothing should be deducted for the negligence of the deceased, and found a verdict for $25,000, which was cut down to $15,000 by the trial Court, and to $13,500 by the Supreme Court. There were intimations that the jury disregarded the instructions of the Court and on that footing the defendant claims the right to a new trial in order that the jury may determine the proper amount to be deducted, since that was a matter that the Court had no right to decide. But however the belief that the jury had disregarded the instructions may have influenced the mind of the Court, we perceive no legal warrant for the assumption. The account of the weather and other circumstances on the plaintiff's side made it possible for the jury to believe that Cradit's duty was so nearly impossible of performance that no substantial allowance should be made on that account. It does not appear that his superior, the conductor, who was in the caboose with him, required him to perform the task. And since the finding was possible on the evidence it cannot be attributed to disregard of duty. The Court had the right to require a remittitur if it thought, as naturally it did, that the verdict was too high. Beyond the question of attributing misconduct to the jury we are not concerned to inquire whether its reasons were right or wrong.

*Judgment affirmed.*