## WISCONSIN & ARKANSAS LUMBER CO.
### v. WARD.

Circuit Court of Appeals, Eighth Circuit.
May 22, 1929.

No. 8288.

John L. McClellan, of Malvern, Ark., and Buzbee, Pugh & Harrison, of Little Rock, Ark., for appellant.

Glover, Glover & Glover, of Malvern, Ark., for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

COTTERAL, Circuit Judge. The Wisconsin & Arkansas Lumber Company appeal from a judgment in favor of appellee, Susie Ward, administratrix of the estate of her deceased husband, Algie Ward, in an action wherein she complained that he came to his death on November 2, 1926, as the result of a piece of board being thrown back against his abdomen on August 22, 1926, while he was engaged in operating a ripsaw machine in the spool mill of the company, and that the fatal accident was due to the negligence of the company in failing to exercise ordinary care to furnish the deceased a reasonably safe place or machinery for his work.

The complaint specifies, in substance, that the machine was in a defective condition and so worn as to render it unsafe and dangerous for use, as the company knew and should have known and the deceased did not know; that the saw was attached to a shaft under a table through which it extended, and ran in a boxing, and both were so worn as to cause the saw to wobble and kick back close-grained wood; that the company placed another saw on the shaft doubly increasing the danger of pinching and throwing out pieces of wood to be sawed; that the company changed the machine from its original design by a cover over the saws strapped to the table, requiring the operator to push the pieces underneath the cover and against the saws, causing them to pinch and throw the pieces with great

force through that space and where the operator had to stand to do his work; that on the day of the accident the deceased was operating the two saws when they were dull which caused them to pinch, and because of this and the defective condition of the machine pieces were thrown from the saws; that the company could easily have prevented the injury by a protection between the operator and the saws.

The defendant answered denying that the injury was caused by its failure to take such care to furnish him a reasonably safe place or machinery for the work and that its negligence caused his death, or that the ripsaw machine was defective or worn so as to render it unsafe and dangerous as alleged by the plaintiff, or that this was known or should have been known to it and was unknown to the deceased. In addition, the defendant pleaded the defenses of contributory negligence and assumed risk on the part of the deceased.

The main assignments relied upon for reversal are that the trial court erred in refusing a motion to direct a verdict for the defendant and in giving and refusing instructions to the jury.

Two grounds are urged in support of the motion for a directed verdict: (1) There was no evidence of any defect in the ripsaw machine, and the only showing was that it was of a standard type, frequently kicked back boards, a characteristic of all such saws, this was more likely to occur when two saws were used, it might be due to the friction from close-grained wood or the speed of the saw, and therefore there was no evidence of defendant's negligence. (2) The undisputed evidence shows the deceased was fully aware of the fact that the machine kicked back boards and of the danger of this and never complained or received any assurance of repair, wherefore the record presents a clear case of assumed risk.

■ The evidence does show without substantial conflict that the bearings of the machine were well supplied with babbitt metal, that the machine although long in use was not defective and operated as machines generally do, and that the kicking back of boards is common to all of them. If there had been no other showing to establish negligence, the defendant would have been entitled to a directed verdict, by the controlling test that it is required in favor of a party where a verdict for the other party would be contrary to the undisputed evidence or would have to be set aside in the exercise of sound judicial discretion. A. B. Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597.

■ But there was other evidence tending to show that the cover over the saws, while designed to catch the boards, obscures the saws from the operator and requires him to force the boards underneath it by a wooden "pistol," instead of allowing him to hold them firmly to avoid kicking back through the space under the cover, and that this might have been remedied by a block set on the machine to stop the boards. Again, it was feasible to install a guard provided with a ridged wheel that would rotate on top of the boards and by slight pressure arrest their backward movement. It was therefore a question of fact for the jury whether this machine was negligently maintained in an unsafe condition. We hold the motion of a directed verdict on the ground of insufficient evidence was properly overruled.

■ With regard to the defense of assumed risk, it appears the deceased had operated the ripsaw previously and knew it kicked back boards, especially when two saws were used, and had commented on the fact to one of the witnesses. But nevertheless we are of the opinion it was a question of fact whether he knew the supposed defect and the throwing back of boards really or seriously endangered his safety or that the danger was appreciated. Gila Valley, etc., R. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229, 58 L. Ed. 521; Chesapeake & Ohio R. Co. v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016. The defendant was not entitled to a directed verdict on this ground.

■ The instructions were faulty in several respects, but error may not be predicated on them, as no exceptions were saved to any portion of the charge. The trial court correctly charged as to the assumption of risk, but this language further appears: "But such risks as arise out of the failure of the employer to use due care are not risks assumed by the employee unless he is warned of the defects and risks and such defects and dangers are plainly observable." Thus the element of warning is made requisite, although the defects in the machine may have been obvious and the danger appreciated. In such case, the risk stands assumed without warning. See cases last cited. The error is not available to the defendant for want of exception, but the second paragraph of an instruction tendered by the defendant and designated "A" accurately sets forth the principle of assumed risk, and there was an exception to its refusal. It is a salutary rule that instructions are to be considered as a whole and if not misleading should be sustained. But a misdirection is not saved when it is impossible to determine whether the jury was guided

by it, and we are of that view regarding the portion of the charge in question. It was prejudicial error to refuse the request of the defendant. Armour & Co. v. Russell (C. C. A.) 144 F. 614, 6 L. R. A. (N. S.) 602; Chesapeake & O. R. Co. v. Cochran (C. C. A.) 22 F.(2d) 22.

Again, while the court charged in connection with the instructions on assumed risk that all the defendant was required to do was to use ordinary care to furnish a reasonably safe machine and place for the work, this sentence later appears: "If upon the other hand you believe the testimony on the part of the plaintiff which tends to show that this machinery was defective and was not reasonably safe for the purpose for which it was used and by reason of this fact he was injured, you should find for the plaintiff." The error of this language is that it put on the defendant the absolute duty to make the machine reasonably safe, whereas its duty was only to take reasonable care to that end. Seaboard Air Line Ry. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1; Union Pac. R. Co. v. Marone (C. C. A.) 246 F. 916. We observe both that there was no exception to this part of the charge and that by the rule to which we have referred the instructions should be considered as a whole in determining whether they may be upheld. But the language quoted was a complete statement of the required proof for recovery and may have been followed by the jury. A request tendered by the defendant and contained in the first paragraph of Instruction A, to the refusal of which there was an exception, enumerated the facts the plaintiff was required to prove, the third of which recited: "That the defendant * * * knew, or as a reasonably prudent employer should have known, in the exercise of ordinary care, that this particular rip saw machine was defective or that a condition had been created in the machine that made it more dangerous than rip saw machines in a reasonably good condition ordinarily are." Only the true rule of liability should have been given to the jury, and it was error to refuse the instruction asked by the defendant.

A serious question of fact arising in the evidence was whether the deceased came to his death as the result of this accident or from the disease of pellagra. The trial court instructed the jury to find for the defendant if his death was due to that disease and not the accident at the mill. The charge required the plaintiff to establish the negligence of the defendant by a preponderance of the evidence, and in addition to the language quoted in the last paragraph the court said near the close of the charge: "If you believe this man was injured, and the injury was due to the negligence of the defendant, as I have instructed you, then you should find for the plaintiff." But there was a failure to put the burden of proving the cause of the death on the plaintiff. The jury may have understood the charge to mean the defendant had to establish that the death was due to pellagra. But it was quite essential for the plaintiff to show it was due to the defendant's negligence as the proximate cause of it. Instruction B tendered by the defendant explicitly stated the issue and clarified any ambiguity as to the requirement of proof devolving upon the plaintiff. We regard the refusal of that request as prejudicial error.

For the errors appearing in the record the judgment should be reversed in this case. It is so ordered, and the cause is remanded to the District Court with direction to grant a new trial.