## SOUTHERN PAC. CO. v. RALSTON.
### No. 688.

Circuit Court of Appeals, Tenth Circuit.
Nov. 23, 1933.

Paul H. Ray, of Salt Lake City, Utah (E. M. Bagley and Robert L. Judd, both of Salt Lake City, Utah, on the brief), for appellant.

Willard Hanson, of Salt Lake City, Utah (Lindsay R. Rogers, of Salt Lake City, Utah, on the brief), for appellee.

Before McDERMOTT and BRATTON, Circuit Judges, and SYMES, District Judge.

McDERMOTT, Circuit Judge.

A rehearing was granted in order to examine more closely into that part of the Federal Employers' Liability Act § 1 (45 USCA § 51), which imposes liability upon interstate carriers for injuries "resulting in whole or in part from the negligence" of their employees. The controlling authorities cited in the petition for rehearing convince us that the question of whether plaintiff's injury resulted "in whole or in part" from the fireman's negligence in failing to obey the signal to stop, which plaintiff now testifies he gave, was for the jury to determine, and the last paragraph of the first opinion is withdrawn.

Plaintiff concedes that the trial court did not submit the question of causation to the jury, and vigorously asserts that the evidence conclusively shows that the fireman's negligence resulted in the injury, if the jury found the signal was given in time to stop.

With this assertion we do not agree. Proximate cause, and causation under the statute, are questions of fact and should not be withdrawn from the jury if reasonable men may reach different conclusions from the evidence. Prinsen v. Travelers' Protective Association (C. C. A. 10) 65 F.(2d) 841. Counsel for plaintiff vigorously and sincerely assert that the proof conclusively establishes causation; counsel for defendant as vigorously and sincerely assert that the proof conclusively establishes a break in the chain. Upon the first hearing, the judges differed on the question. That such is the case is strong evidence that reasonable men may differ on the point. Travelers' Insurance Company v. Bancroft (C. C. A. 10) 65 F.(2d) 963, certiorari denied, 54 S. Ct. 103, 78 L. Ed. ——.

Under the common law, a negligent act is not deemed the proximate cause of the injury when there is a responsible intervening cause which was not itself reasonably foreseeable. See authorities in original opinion herein; also, opinion of Judge Lewis in Chicago, R. I. & P. Ry. v. Fanning (C. C. A.) 42 F.(2d) 799, 803; Snider v. Sand Springs Railway (C. C. A. 10) 62 F.(2d) 635, 638. To these decisions we adhere.

■ While the Federal Employers' Liability Act (45 USCA §§ 51–59) has relaxed the rule, it has not so far done away with it as to hold an employer in damages if there is no other connection between the negligence and the injury than that if there had been no neglect, there would have been no injury, i. e., there must be more in the case than that the negligence preceded the injury, and created a situation in which the accident, otherwise caused, resulted; there must be some degree of causation established before there may be a recovery. Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284; Lang, Adm'x of Lang, v. New York Cent. R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729; Minneapolis & St. Louis R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995; Louisville & Nashville R. Co. v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931; St. L. & S. F. Ry. Co. v. Conarty, 238 U. S. 243, 249, 35 S. Ct. 785, 59 L. Ed. 1290; Davis v. Hand (C. C. A. 8) 290 F. 73; Chicago, M. St. P. & P. R. R. Co. v. Linehan (C. C. A. 8) 66 F.(2d) 373. To what extent the common law rule has been relaxed by the Federal Employers' Liability Act is not entirely clear. In Union Pacific Ry. Co. v. Hadley, 246 U. S. 330, 38 S. Ct. 318, 319, 62 L. Ed. 751, the Supreme Court said:

"But it is said that in any view of the defendant's conduct the only proximate cause of Cradit's death was his own neglect of duty. But if the railroad company was negligent it was negligent at the very moment of its final act. It ran one train into another when if it had done its duty neither train would have been at that place. Its conduct was as near to the result as that of Cradit. We do not mean that the negligence of Cradit was not contributory. We must look at the situation as a practical unit rather than inquire into a purely logical priority. But even if Cradit's negligence should be deemed the logical last, it would be emptying the statute of its meaning to say that his death did not 'result in part from the negligence of any of the employees' of the road."

In Spokane & Inland E. R. Co. v. Campbell, 241 U. S. 497, 510, 36 S. Ct. 683, 689, 60 L. Ed. 1125, the court held:

"It is too plain for argument that under this legislation the violation of the safety appliance act need not be the sole efficient cause, in order that an action may lie. The circuit court of appeals (133 C. C. A. 370, 217 F. 518, 524) held that the element of proximate cause is eliminated where concurring acts of the employer and employee contribute to the injury or death of the employee. We agree with this, except that we find it unnecessary to say the effect of the statute is wholly to eliminate the question of proximate cause. But where, as in this case, plaintiff's contributory negligence and defendant's violation of a provision of the safety appliance act are concurring proximate causes, it is plain that the employers' liability act requires the former to be disregarded."

We conclude, upon this branch of the case, that the jury should have been left to determine the question of causation under a charge substantially to the effect that the burden was on the plaintiff to prove that the plaintiff's injury resulted in whole or in part from the negligence alleged. The defendant also is entitled to have its theory that the sole responsible cause of the injury was the negligence of plaintiff, or the negligence of the automobile driver, or their concurrent negligence, presented to the jury. The jury can then determine whether the fireman's negligence played any substantial part in the ensuing accident.

■ Defendant urges that the physical facts conclusively demonstrate that under plaintiff's own version of the accident his injury could have been avoided by the simple act of stepping off the locomotive after it became apparent that his signal to stop was not being heeded. Whether plaintiff's failure in this respect was the sole cause of his injury, whether it contributed with the negligence of the defendant or the automobile driver or both, or whether he assumed the risk attendant upon the situation, are questions of fact and were submitted to the jury. Objections to the charge in these respects are urged; since the case must be tried again, they need not be considered. The objections go to the form and not the substance of the familiar law governing these subjects, and the learned trial Judge doubtless will experience no difficulty upon another trial in satisfying counsel as to form.

■■ When plaintiff took the witness stand, he was promptly asked, "Have you a wife

and children?" An objection to the question was overruled. This has been held to be reversible error. Pennsylvania Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141; Union Pac. R. R. Co. v. McMican (C. C. A. 8) 194 F. 393; Lacorazza v. Cantalupo (C. C. A. 2) 210 F. 875, 877; Bakka v. Kemmerer Coal Co., 43 Utah, 345, 134 P. 888, 893. We are not persuaded that the question was inadvertent, nor that the error was cured by the circumstance that counsel was able later to get the same facts before the jury in a more adroit way. The bar has been repeatedly advised that trials in the courts of the United States are serious searches for the truth, and that efforts to deflect a correct verdict by the interjection of extraneous matters will not be tolerated.

The judgment reversing and remanding the cause for a new trial is adhered to.

SYMES, District Judge (concurring).

I concur in the reversal of the judgment, but not entirely with the reasons given therefor. The facts are clearly stated in the opinion of Judge Lewis the first time this appeal was before the Court, 62 F.(2d) 1026. Reference is made thereto without a restatement.

The sole question, as I see it is, should the fireman, Brower, have foreseen that an accident would result if he disobeyed the signal to stop given by the appellee, who was riding on the stirrup on the front end of the tender, as it was being slowly backed towards the crossing.

The judgment was reversed because the majority of the court felt the negligence of the driver of the automobile in colliding with the front end of the tender at the point where the appellee was riding, was a responsible intervening act of negligence that was the direct and proximate cause of the injury, and rendered the alleged disobedience of signals by the fireman a remote cause that relieved the railroad from liability.

The Federal Employers' Liability Act makes the common carrier liable "for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." Section 1 (45 USCA § 51).

Most of the pertinent authorities are marshalled in the briefs. One of the many cited is Spokane & Inland E. R. Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125. The plaintiff, the motorman in charge of an interstate electric train, was injured in a collision between the train he was operating and the one coming in the opposite direction. The jury found he had taken the main track with his train in violation of his orders, and that this was the proximate cause of the accident. The jury also found that but for the defective airbrakes, he could have stopped his train in time to avoid the collision.

The Supreme Court said that the act imposed a liability for injuries to the employee resulting in whole or in part from negligence of the agents of the carrier, and the violation of the act need not be the sole efficient cause; that where plaintiff's contributory negligence, and the defendant's violation of a provision of the Safety Appliance Act (45 USCA § 1 et seq.) are concurring proximate causes, the act requires the former to be disregarded. It would therefore seem that the test to be applied in the instant case is: Was the negligence of the fireman in whole or in part a direct cause of the accident?

The fireman and appellee both saw the automobile approaching, and each had opportunity to decide whether an accident was imminent. The fireman was not required to, and had no right to speculate, whether the automobile would continue at the same speed, or be accelerated and cross ahead of the train; or stop before reaching the track in question. In so doing he violated a rule of the company. Ralston's means of observation were equal, if not better than his, and he, at least, judged that a collision was imminent, and gave the signal to stop.

He was in charge of the operation, and admittedly it was the fireman's duty to obey the signal, if given. He saw the automobile approaching and realized the possibility, if not the probability, of a collision. The engine was moving so slowly that it could have been stopped at any time up to the instant, almost, the collision occurred. The engineer says in from three to five feet. Thus his negligence was continuous, with full knowledge that a collision was imminent. It was therefore the last intervening cause, the logical last.

Nor can it be said that Ralston, as a matter of law, had time after he became aware—if he ever did—that the fireman was going to disobey his signal, to save himself by jumping. The whole action took place while the train was moving less than 100 feet. He had the right to assume his signal would be obeyed. He had to decide almost instantly, and might well have concluded it was safer to remain where he was. There was always the possibility that the engine would stop, or that the automobile would stop, pass in front of the train, or hit the tender at a point oth-

er than where he was standing. He was not bound, at his peril, to make the best choice, but only to act as a reasonable man would under all the circumstances as he saw them.

The Federal Employers' Liability Act was intended to, and did, according to the Supreme Court (see excerpts in the majority opinion from Union Pacific R. Co. v. Hadley, 246 U. S. 330, 38 S. Ct. 318, 62 L. Ed. 751, and Spokane & Inland E. R. Co. v. Campbell, supra), remove from the field of judicial controversy most of the questions that have divided this Court on both hearings of this appeal. It would therefore seem that the only question for the jury was: Did Ralston give the proper signal in time for the engine to stop? If he did appellant is liable, because it was the duty of the fireman to see the signal, as well as to obey it.