**Henri SADACCA, Appellant,**

**v.**

**NYLONET CORPORATION, Appellee.**

**No. 16795.**

United States Court of Appeals
Fifth Circuit.

April 18, 1958.

Claude Pepper, Walter A. Apfelbaum, Miami, Fla. (Claude Pepper Law Offices, Walter A. Apfelbaum, Miami, Fla., Aaron Foosaner, Miami, Fla., on the brief), for appellant.

Earl D. Waldin, Jr., Miami, Fla. (Smathers, Thompson & Dyer, Miami, Fla., on the brief), for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

PER CURIAM.

With highly commendable candor which does not seek to disguise the fact that no exceptions, Fed.Rules Civ.Proc. rule 51, 28 U.S.C.A., were taken, appellant complains of two alleged errors[1] in the Court's charge to the jury and urges this Court to notice them as plain error. But plain error, of which this Court may take notice, Dowell, Inc., v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L.R.2d 442; Louisiana & Arkansas Ry. Co. v. Moore, 5 Cir., 229 F.2d 1, 2; Reeve Bros. v. Guest, 5 Cir., 131 F.2d 710, 712; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555, has not been demonstrated as to either.

Nor is the verdict for Nylonet in the main suit and against Sadacca on his counterclaim inconsistent as appellant insists. Although it is true that to find for Nylonet the jury had to recognize that the contract existed and was the basis for recovery, the jury was entitled to find that Sadacca had not performed. That left only the damages suffered by Nylonet and these were allowed. Indeed, if Nylonet were compelled to pay Sadacca for performance not rendered by Sadacca, its damages would be *increased* in like amount.

Affirmed.

---

1. The first attacks as inapposite the instruction that ambiguity in a contract is to be construed most strongly against the party who drafted it. Here the jury was permitted to find that Sadacca was the draftsman.

The second is aimed at the general instruction on the doctrine of waiver by the plaintiff of performance under the disputed contract provisions rather than a specific charge on appellant's factual theory from which, if believed, waiver could be found to have occurred.