Mrs. Betty G. WINGERTER, Appellant,

v.

MARYLAND CASUALTY COMPANY and Aetna Casualty & Surety Company, Appellees.

MARYLAND CASUALTY COMPANY and Aetna Casualty & Surety Company, Appellees,

v.

Mrs. Betty G. WINGERTER, Appellant.

No. 19731.

United States Court of Appeals Fifth Circuit.

Jan. 30, 1963.

Bernard J. Fonseca, Ronald A. Fonseca, New Orleans, La., for appellant.

St. Clair Adams, Jr., Adams & Reese, Richard C. Baldwin, New Orleans, La., for Aetna Cas. & Surety Co.

Francis G. Weller, New Orleans, La., for Maryland Cas. Co., Deutsch, Kerrigan & Stiles, R. Emmett Kerrigan, New Orleans, La., of counsel.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

CAMERON, Circuit Judge.

The chief question presented by this appeal is whether the court below was in error in accepting a jury verdict "in favor of the Plaintiff and against both Defendants * * *" assessing "the amount of damages in the following amount: None," and not awarding a new trial. The court entered judgment in favor of plaintiff Wingerter and against both defendant insurance companies "in the sum of '0' Dollars, together with all costs." In addition, plaintiff-appellant urges error in the refusal of the court below to give two charges as requested concerning the measure of damages. Defendant-appellants claim error in the court's refusal to give directed verdicts and judgments n. o. v. in their favor.

■ This is another Louisiana direct action [1] against the insurers of the alleged tort-feasor, Oschner Foundation Hospital of New Orleans. Plaintiff's mother was a patient in the hospital, suffering from heart disease, which had become progressively worse. She was critically ill and there was evidence that she was a "terminal case," i. e., dying from the heart disease. On June 9, 1957, after a two week stay as a patient in the hospital, she was in the lobby of the hospital awaiting transportation home when she allegedly fell from the wheelchair in which she had been placed and left unattended. She died about two weeks later. The evidence would support the conclusion that the fall did not contribute to her death or cause her any harm whatsoever.

Plaintiff alleged that her mother suffered injuries as a result of a fall and that the fall contributed to her mother's subsequent death. She contends before us that the court below erred, upon the receipt of the jury's verdict, in not granting a new trial on the issue of damages. In addition, she claims error in the court's refusal to give, as requested, certain charges relating to the measure of damages in the event of liability. These charges related to pain and suffering of the decedent and mental suffering and anguish on the part of the plaintiff as a result of her mother's injuries.

Defendant Maryland Casualty claims error in the court's refusal to grant it a directed verdict and its subsequent refusal to grant judgment n. o. v. in its favor on the ground that its policy, a general liability policy, excludes malpractice-type liability. Defendant Aetna Casualty claims error in the court's like refusal, on the ground that its policy covers only malpractice or professional errors and omissions. In other words, each insurer claims that the hospital's liability, if any, is not covered by its policy.

Both insurance companies take the position that the jury's verdict is not ambiguous or contradictory and that plaintiff is not entitled to a new trial. In the alternative, they contend that if plaintiff is entitled to a new trial, the trial should not be limited to damages alone. Both insurers contend that plaintiff may not now assign as error the giving or failure to give an instruction because counsel for plaintiff did not object below, but, to the contrary, specifically stated that he was satisfied with the charge.

■ We will consider first plaintiff's allegation of error in the court's charge. The record plainly shows that counsel for the plaintiff, in response to the court's question: "Are there any objections to the charge as given?" answered "No,

---

1. Under 22 LSA–R.S. § 655, allowing direct action against the insurer.

Judge." After giving a supplemental charge on damages, the court asked: "I presume there is no objection to what the court has done?" and counsel for the plaintiff answered: "No, sir." Inasmuch as no plain error is shown, we find plaintiff's contentions on this point without merit. Rule 51, Federal Rules of Civil Procedure. See Sadacca v. Nylonet Corporation, 5 Cir., 1958, 254 F.2d 238, and authorities cited therein.

■ We next consider defendant insurance companies' assertions that the questions concerning their respective coverages should not have been submitted to the jury. We hold that the evidence properly raised a jury question as to each of the contentions argued. Neither policy is so worded as necessarily to exclude coverage under the evidence and the jury was warranted in finding that any negligence on the part of the hospital consisted of both ordinary and professional negligence.

■ The chief and remaining question is whether the court erred in entering a judgment for the plaintiff in the amount of "0" dollars. Although the state decisions are in conflict on this point, see annotations found in 116 A.L. R. page 834, 49 A.L.R.2d pages 1331 and 1334, the federal rule is that such a verdict is not invalid or ambiguous and does not necessitate a new trial.

An analogous situation arose in Fairmont Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 475, 53 S.Ct. 252, 77 L.Ed. 439. The Coal Company sued for breach of a contract to purchase 17,500 tons of coal at $6.50 per ton f. o. b. mines. Three trials before a jury were had, judgment for the defendant being reversed twice by the Court of Appeals, and, on the third trial, the plaintiffs recovered a verdict for $1.00, and judgment was rendered thereon with costs. The Court of Appeals again reversed and certiorari was granted by the Supreme Court.

Plaintiffs there contended that the motion for new trial presented a question of law, claiming that, if they were entitled to recover at all, they were entitled to recover substantial, not merely nominal, damages. The pertinent reasoning in the Supreme Court's opinion by Mr. Justice Brandeis, is as follows:

"To regard the verdict as inconsistent on its face is to assume that the jury found for the plaintiff and failed to perform its task of assessing damages. The trial judge was not obliged so to regard the verdict. The defendant had insisted upon several defenses and had set up a counterclaim. The plaintiffs were not entitled to a directed verdict. The evidence was voluminous; and, on some issues at least, conflicting. The instructions left the contested issues of liability to the jury. The verdict may have represented a finding for the defendant on those issues; the reason for the award of nominal damages may have been that the jury wished the costs to be taxed against the defendant. The defendant did not complain of the verdict. The record before us does not contain any explanation by the trial court of the refusal to grant a new trial, or any interpretation by it of the jury's verdict. In the absence of such expressions by the trial court in the case at bar, the refusal to grant a new trial cannot be held erroneous as a matter of law. Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct. Compare Union Pacific R. Co. v. Hadley, 246 U.S. 330, 334 [38 S.Ct. 318, 62 L.Ed. 751]; Dunn v. United States, 284 U.S. 390, 394 [52 S.Ct. 189, 76 L. Ed. 356]."

To like effect is Association of Western Railways v. Riss and Company, Inc., 1962, 112 U.S.App.D.C. 49, 299 F.2d 133. In that case, a civil antitrust action under 15 U.S.C.A. § 1 et seq., the Sherman Anti-Trust Act, the jury held for the plaintiff against five of the defendants and awarded "$None" as damages. The

District Court refused to accept the verdict and awarded a new trial. The Court of Appeals (P. 135) reversed, "The finding that the conspiracy had not damaged the plaintiff was therefore a finding that the plaintiff had not proved its claim," and remanded for entry of judgment for the defendants under 28 U.S.C.A. § 2106.

We find the principles and rationale of the cases above cited to be controlling. Perhaps, in this case, the jury could not, or did not, discern the legal distinction between "negligence" and "liability." At any rate, it is plain, whatever the form of the verdict, that the jury intended that the plaintiff recover nothing, obviously believing that the hospital's action or inaction was responsible for no damage to the plaintiff.

It appearing, therefore, that there is no merit in any of the points relied upon by the several appellants, the judgment of the court below awarding plaintiff judgment for "0" dollars and costs is right and it is

Affirmed.

