**Niles W. BLACK, Plaintiff-Appellant,**

v.

**PENN CENTRAL COMPANY, Defendant-Appellee.**

**No. 74–1339.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 1974.

---

Niles W. Black, Harry E. Klide, Hinton, Mylett, Klide & Stocker, Jerry P. Hontas, Canton, Ohio, for plaintiff-appellant.

Eldon S. Wright, Harrington, Huxley & Smith, Youngstown, Ohio, for defendant-appellee.

Before WEICK and McCREE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WEICK, J., delivered the opinion of the Court, in which O'SULLIVAN, Senior Circuit Judge, joined. McCREE, J., (pp. 271–273) filed a dissenting opinion.

WEICK, Circuit Judge.

This appeal is from a judgment entered upon a jury verdict for defendant in an action for damages for personal injuries, which action was brought in the District Court under the Federal Safety Appliance Act, 45 U.S.C. §§ 1 et seq., and the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq.

■ Plaintiff-appellant Black was a brakeman employed by Penn Central Transportation Company at the Republic Steel Corporation's plant in Canton, Ohio. His duties included, among other things, the coupling and uncoupling of freight cars. At the time of his injury he was engaged in the movement of freight cars inside a building of the Steel Company. Some of the cars were empty and some were loaded. One of the empty cars had a defective hand brake. Black was injured when the train started to back up, and he was pinned between the empty car and the cement wall of the building.

The conductor of the train testified that Black gave the signal to back the train, and that he acted pursuant to the signal. Black denied giving any such signal. In any event, it was the movement of the train, and not any defective brake, which caused Black's injury. The defective brake on the car had not been applied, and it had nothing whatsoever to do with causing the accident.

It was plaintiff's theory that if the brake on the empty car had not been defective, the car could have been "spotted" outside the building on an incline, and that the accident inside the building would not have occurred.

The District Court declined to submit to the jury the alleged Safety Appliance Act violation, ruling, as a matter of law, that there was no causal connection whatever between the defective brake and Black's injury.

In Carter v. Atlanta & St. Andrews Bay Ry., 338 U.S. 430, 435, 70 S.Ct. 226, 229, 94 L.Ed. 236, the Supreme Court stated:

> We made clear in Coray v. Southern Pacific Co., supra, 335 U.S. [520] at 523, 69 S.Ct. [275] at page 277, [93 L.Ed. 208] that if the jury determines that the defendant's breach is "a contributory proximate cause" of injury, it may find for the plaintiff. See also Union Pacific R. Co. v. Hadley, 246 U.S. 330, 333, [38 S.Ct. 318, 319, 62 L.Ed. 751] (1918); Spokane & I. E. R. Co. v. Campbell, 241 U.S. 497, 510, [36 S.Ct. 683, 689, 60 L.Ed. 1125] (1916).

In our opinion there was not the slightest evidence that the defective brake was a contributory proximate cause of Black's injury.

The present case really involved only the liability of the railroad under F.E.L.A. for negligence of Black's fellow-employees and for failure to provide Black with a safe place to work. ·

In order to recover under the F.E.L.A. it was necessary for Black to prove that the railroad was negligent and that such negligence caused his injury, either in whole or in part. Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Bridger v. Union Ry., 355 F.2d 382, 386 (6th Cir. 1966).

The F.E.L.A. issues were fairly submitted to the jury, which found no liability. In our opinion the verdict was supported by substantial evidence. Black does not even claim that the Court erred in its instructions to the jury.

Black further contends that it was prejudicial error for defendant's counsel to ask him, on cross-examination, whether he was the plaintiff in a suit filed in the Common Pleas Court of Stark County, Ohio, against the Republic Steel Corporation, arising out of the same accident. His answer was, "Yes." Plaintiff's counsel objected after the answer, and the Court overruled the objection. Plaintiff's counsel did not move to strike the answer, and did not move for any instruction on the subject. He did establish, however, by questioning plaintiff, that plaintiff had not received any money from Republic Steel.

The theory of defendant's question was to obtain an admission against interest in the course of another judicial proceeding to the effect that plaintiff was claiming that another corporation caused his injury, at least in part. 21 Ohio Jur.2d, Evidence, § 347 pp. 355, 356.

The District Court had wide latitude and discretion in determining the scope of cross-examination. United States v. Marchesani, 457 F.2d 1291 (6th Cir. 1972). We find no abuse of discretion on the part of the trial judge. Furthermore, in view of the overwhelming evidence in this case which supports the jury's verdict, we find no prejudice to the plaintiff.

The judgment of the District Court is affirmed.

McCREE, Circuit Judge (dissenting). I agree that the district court correctly declined to submit to the jury the claim of violation of the Federal Safety Appliance Act, 45 U.S.C. § 1 et seq. because there was no evidence that the defective brake was in any respect a causal factor in appellant's injury. Since we determine that the defective brake played no part in causing the injury, I find it unnecessary and erroneous to state, as does the majority opinion, that "The defec-

tive brake was [not] a *contributory proximate cause* of Black's injury." (Emphasis added). Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1944), makes it clear that railroads shall be responsible for injuries to their employees "resulting in whole or in part" from defective appliances, and Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), makes it clear that in adopting the language "resulting in whole or in part", the Congress intended to depart from the language of proximate causation because it was dissatisfied with the common-law duty of the master to his servant. *See also* Hausrath v. New York Central Railroad Company, 401 F.2d 634 (6th Cir. 1968).[1]

Although I agree that no error was committed in not submitting the defective brake issue to the jury, I would hold that it was prejudicial error to permit defendant's counsel, on cross-examination, to ask appellant, over objection, whether he was the plaintiff in a suit filed in the Common Pleas Court of Stark County, Ohio, against the owner of the premises upon which he was injured. The majority opinion suggests that because the objection was untimely, because no motion to strike the answer was made, and because appellant's counsel established that the appellant had received no money from Republic Steel, no prejudicial error occurred. It views the question as an attempt to elicit an admission that appellant was claiming "that another corporation contributed, at least in part, to his injury."

I do not regard the objection as untimely.

The relevant portion of the transcript is as follows:

By Mr. Wright:

Q. Mr. Black, are you the plaintiff in a case that is filed in the Stark County Court of Common Pleas here in Ohio against the Republic Steel Corporation arising out of this same accident?

A. Yes sir.

MR. HONTAS: Note an objection in the record.

THE COURT: The objection shall be overruled.

Q. And you are making a claim in that case against Republic Steel Corporation for the same damages and injuries that you are claiming in this case?

MR. HONTAS: Note an objection in the record.

THE COURT: The objection shall be overruled.

It is clear that an objection was made before the jury was informed that the case in the Stark County Court of Common Pleas was for the same injuries for which damages were sought in this case. Rule 46[2] of the Rules of Civil Procedure does not require the making of a formal exception to a ruling to preserve an error for review. Also, since the court permitted an answer over objection, appellant's counsel should not be faulted for trying to soften the impact of the error.

1. Although the Supreme Court in *Carter* employed the language quoted in the majority opinion, a careful reading of that case and of the opinion in *Coray* demonstrates that evidence that a defendant's breach is a "contributory proximate cause" of an injury is a sufficient but not necessary predicate for submission of the case to a jury. On the contrary, the Court made clear in both *Carter* and *Coray* that proof of any relationship, however slight, between the defendant's negligence and the plaintiff's injury permits submission of the case to a jury.

2. Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

Although the admission of an attorney, as in a pleading, may come in as an adopted admission of his client, the statement must be not only authorized but also relevant. Relevance means having a tendency to prove any material matter, and if the relationship between the evidence and the matter to be proved is very slight but its impact is highly prejudicial, it should be excluded. United States v. Craft, 407 F.2d 1065, 1069–1070 (6th Cir. 1969). Here, the material matter is whether the injury resulted in whole or in part from appellee's negligence. If appellant contended that appellee's negligence was the *sole* cause of his injury, the claim that someone else was responsible would be contradictory of his claim against appellee. However, even in a common-law negligence action, there can be more than one proximate cause of an injury, and claims against several putative tortfeasors would not be mutually exclusive nor inconsistent. A *fortiori*, the claim here that the negligence of the owner of the premises was a proximate cause of the injury does not contradict appellant's claim that his employer's "negligence played any part, even the slightest, in producing the injury . . . for which damages are sought." Rogers v. Missouri Pacific Railroad Co., supra, 352 U.S. at 506, 77 S.Ct. at 448.

Nevertheless, its impact on a jury, at that point uninstructed, is highly prejudicial because it insinuated that Black either was making inconsistent claims or did not know who was responsible for his injury. Its impact is as devastating as would be the revelation that appellant had been paid for his injury by the proceeds of an insurance policy. Yet, evidence of this fact would also be irrelevant and clearly reversible error if admitted over objection.

I do not regard the admission of irrelevant and highly prejudicial evidence as within the discretion of the district court. I regard it as error that cannot be dismissed as harmless. I would reverse and grant a new trial.