# Birmingham Railway, Light & Power Co. *v.* Fisher.

## *Injury to Passenger.*

(Decided June 15, 1911.   55 South. 995.)

1. *Carriers; Passengers; Negligence; Complaint.*—Counts charging simple negligence of a common carrier to the injury of a passenger on one of its cars, which alleged that the defendant was a common carrier of passengers, that plaintiff was a passenger and that it so negligently conducted itself in and about her carriage thereon that at a certain time and place plaintiff was thrown or caused to fall from said car, are sufficient.

2. *Same; Proximate Cause.*—It is enough that the facts averred in an action for injury to a passenger lead with requisite certainty to the conclusion that the injury proximately resulted from the negligence charged.

3. *Same; Wantonness.*—A count for wanton injury which alleges that the servant or agent of defendant in control or charge of its cars while acting within the line and scope of his authority as such, wantonly or intentionally caused plaintiff to be injured, is not subject to demurrer for uncertainty or indefiniteness.

4. *Same; Proximate Cause; Instructions.*—In an action for injury to a passenger the hypotheses in instruction must include the condition that the negligence or wrong charged in the complaint afforded the proximate cause of the injury, as a basis of recovery.

5. *Same; Wantonness; Evidence.*—The evidence in this case held sufficient to go to the jury, on the question of willfulness or wantonness of the injury to a passenger while alighting from an electric car, with the consequent right of imposition of punitive damages.

6. *Evidence; Expert; Hypothetical Question.*—It is a party's right to ask an expert's opinion on the state of the evidence tending to support his theory of the subject of the inquiry for expert opinion.

[Birmingham Railway, Light & Power Co. v. Fisher.]

7. *Contributory Negligence; Necessity of Pleading.*—Where contributory negligence is not pleaded the defendant is not entitled to have instructions on that issue.

8. *Same; Wantonness.*—Contributory negligence will not defeat a recovery for wanton or willful wrong.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Mrs. Ora M. Fisher against the Birmingham Railway, Light & Power Company for damages for injury to her while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint was as follows: Count 1: "Plaintiff claims of defendant $10,000 as damage, for that heretofore, to wit, on the 18th day of November, 1909, defendant was a common carrier of passengers by means of a car operated by electricity upon a railway known as the 'East Lake Line,' in Jefferson county, Alabama; that on said day plaintiff was defendant's passenger on said car, and the defendant so negligently conducted itself in or about carrying plaintiff as defendant's passenger on such car that while plaintiff was defendant's passenger on said car, and said car was at a point on said line, to wit, at or near Forty-seventh street, plaintiff was struck by an object, to wit, a gate on said car, and was thrown or caused to fall, and was cut, bruised, shocked and otherwise injured in her person. (Here follows the catalogue of her injuries.)" Count 2: "The plaintiff claims of defendant $10,000 damages, for that, heretofore, on, to wit, the 18th day of November, 1909, defendant was a common carrier of passengers by means of a car operated by electricity upon a railway known as the 'East Lake Line,' in Jefferson county, Alabama; that on said day, while plaintiff was defendant's passenger on said car, defendant's servant or agent in charge or control of said car, acting within the line and scope of his authority as such, wantonly or intentionally caused plain-

tiff to be injured in her person while on said car, and while said car was at a point on said line, to wit, at or near Forty-seventh street, and to suffer the injuries and damage set out in the first count of the complaint." Count 3: "Plaintiff claims of defendant $10,000 as damages, for that heretofore, to wit, on the 18th day of November, 1909, defendant was a common carrier of passengers by means of a car operated by electricity upon a railway known as the 'East Lake Line,' in Jefferson county, Alabama; that on said day plaintiff was defendant's passenger on said car, and the defendant so negligently conducted itself in or about carrying plaintiff as defendant's passenger on said car that, while plaintiff was defendant's passenger on said car and said car was at a point on said line, to wit, at or near Forty-seventh street, plaintiff was thrown or caused to fall, and suffered the injuries and damage set out in the first count of the complaint, wherefore she sues."

The demurrers are that the counts are vague, uncertain, and indefinite; that it does not appear with sufficient certainy what duty the defendant owed the plaintiff; it does not appear how the duty was violated, or that any duty was violated; said counts are repugnant and inconsistent; the facts averred do not constitute actual negligence; the negligence averred is merely the conclusion of the pleader, and it does not appear that the negligence complained of was the proximate cause of the injury.

The following is the question propounded to Dr. Talley: "If the lady hadn't had that pain before, and on or about the 18th of November, 1909, that is, prior to the time you saw her, she had been struck in the face with a car gate and knocked backward, and then, being out on the platform of the car, the car was started and knocked or

threw her against the car, and she was dazed from that, and she wasn't off the car, or got off the car, and in a little while went to a house near by and was put to bed, and that day went home and remained in bed for some time, and at the time she was hurt, or from the time she was hurt, continued to suffer that pain in her spine, and had not suffered it before, what, in your judgment, would be the cause of that pain and that condition of the spine?'"

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellant. The court erred in overruling appellant's demurrer to the first count.—*W. Ry. v. Mutch,* 97 Ala. 196; *B. R. L. & P. Co. v. Moore,* 163 Ala. 44; *B. R. L & P. Co. v. Jones,* 146 Ala. 277; *Hudgins v. So. Ry..* 148 Ala. 154; 1 Cooley on Torts, 99. The court erred in permitting the hypothetical question to Dr. Talley.—*B. R. L. & P. Co. v. Butler,* 135 Ala. 388; 113 Ill. App. 188; 72 Pac. 590. The court erred in overruling demurrer to the second count of the complaint.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 382; *L. & N. v. Mitchell,* 134 Ala. 266; *L. & N. v. Orr,* 121 Ala. 489. The court erred in overruling demurrer to the third count.—Authorities, supra. The court erred in refusing charge 4 to the appellant.— *Watkins v. B. R. L. & P. Co.* 120 Ala. 146. Counsel discuss other charges given and refused, but without further citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The first count was sufficient.—2 Chitty, 596; 1 Cyc. 572. There was no error in permitting the hypothetical question.—*Parrish v. The State,* 139 Ala. 43; *B. R. & E. Co. v. Ellard,* 135 Ala. 443. The second count sufficiently avers wantonness.—*C. of G. v. Foshee,* 125 Ala. 226; *Haley v. K. C. M. & B.,*

113 Ala. 651; *L. & N. v. Orr,* 121 Ala. 489; *Russell v. Huntsville R. L. & P. Co.* 137 Ala. 628. The evidence was sufficient to support the averment of wantonness.—*So. Ry. v. Bush,* 122 Ala. 471; *Same v. Shelton,* 136 Ala. 192. Counsel discuss charges given and refused but without further citation of authority.

McCLELLAN, J.—Action for damages for personal injuries by passenger against the carrier.

The first and third counts, charging simple negligence to the injury of plaintiff, were not subject to demurrer.—*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602.

In instructions to the jury it is essential that the hypotheses to a recovery include the condition that the negligence or wrong charged in the complaint afforded the proximate cause of the injury complained of.—*B. R. L. & P. Co. v. Moore,* 163 Ala. 44, 50 South. 115; *B. R. L. & P. Co.. v. Jones,* 146 Ala. 277, 41 South. 146.

In pleading a count is sufficient in that respect if the facts averred lead, with requisite certainty, to the conclusion that the injury suffered proximately resulted from the negligence charged.

The second count was not subject to the demurrer.

The court did not err in overruling the objection to the hypothetical question put to the expert witness, Dr. Tally. The grounds of objection to the question were that it did not sufficiently hypothesize the facts in evidence, that it invaded the jury's province, and that it sought a conclusion. It was the examiner's right to seek the expert's opinion upon the state of the evidence tending to support his theory of the subject of the inquiry for expert opinion.—*L. & N. R. R. Co. v. Banks,* 132 Ala. 471, 31 South. 573; *B. R. L. & P. Co. v. Ellard,* 135 Ala. 433, 33 South. 276.

: There was testimony upon which, if credited, the jury might have rested a finding justifying the imposition of punitive damages. It appeared from some of the evidence that the plaintiff was injured as the result of the closing of two entrance gates, blocking, when closed, the passage from the platform, over the step, to the ground. These gates were operated by means of a lever. To open them the lever was pulled; and to close them the lever was pushed back. The mechanism was designed to be operated by the motorman from his position on the car. It did not appear from the testimony that the closing (if so) of the gates on this occasion was otherwise caused than by the means and by the servant indicated. There was testimony tending to show that the motorman was in his place at the time. The motorman testified, on the cross, that from his place he "could see a passenger in the act of getting off" the car; that the cars "are all arranged so the motorman can look back through the car and then look into the mirror and see what is going on along the gate side of the car, and at the place for passengers to get off."

- If, as some of the testimony tended to show, the gates were closed while plaintiff was in the act of alighting from the step flush with the outer edge of which the lower lines of the gates were constructed, it was open to the jury to find from the testimony that the motorman operated the lever, and that he could have seen and did see the plaintiff then so situated with reference to the gates as that, if they were then closed, the plaintiff would be struck by one or both of them. And, if these conclusions were entertained by the jury, it was then further open to them to find that the act of closing the gates, under those circumstances, was so colored as to bring the event within the aggravated wrong charged in count 2 of the complaint. Upon the indicated theory of

[Alabama City G. & A. Ry. Co. v. Cox.]

concurrent fact and knowledge, the ruling stated conforms with those made in *B. R. L. & P. Co. v. Jung,* 161 Ala. 461, 49 South. 434; *Sou. Ry. Co. v. Bush,* 122 Ala. 471, 26 South. 168, and *R. & D. R. R. Co. v. Vance,* 93 Ala. 144, 9 South. 574, 30 Am. St. Rep. 41, among others. Accordingly, the affirmative charge, upon count 2, and charge 6, instructing against the awarding of punitive damages, were properly refused to defendant.

No plea of contributory negligence appears in the transcript. For that reason charge 4 was well refused to defendant. Furthermore, that defense, if interposed, would not have sufficed to defeat a recovery under some of the evidence on the count (2) charging wanton or intentional wrong.

The evidence required the submission of the determination of the issues of fact under the pleading to the jury. Hence the several affirmative charges requested by the defendant were correctly refused.

No error appearing, the judgment is affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.