158 So. 525

# SEYMOUR v. HOLMAN.
## 4 Div. 770.

Supreme Court of Alabama.
Dec. 20, 1934.

Rehearing Denied Jan. 24, 1935.

P. B. Traweek, of Elba, for appellant.

W. L. Lee, of Dothan, for appellee.

BOULDIN, Justice.

The action is for personal injuries.

The question for review is the giving of the affirmative charge for defendant.

The evidence for plaintiff tended to show that plaintiff (appellant), an experienced car-

penter and builder, was employed by defendant on a daily wage basis, as foreman, to do certain repair work on the office portion of the sales stable of defendant; that the contemplated repairs, among other things, called for the jacking up of one of the walls and replacement of a decayed sill.

His helpers, or fellow servants, consisted of plaintiff's son, Ethan Seymour, and George Campbell, a young man, 25 years of age, not experienced as a carpenter, but properly termed a common or unskilled laborer.

Under plaintiff's supervision, the wall had been jacked up, and he, with his helpers, were proceeding to install a support to hold the wall in position until the sill should be replaced. To this end a hole was cut through the wall, through which a timber 8" by 8" and 7 feet long was to be placed, and supported on each side of the wall by an upright piece 8" by 8" and 3 to 3½ feet in length, resting on other timbers as footings. Plaintiff and son were working on one side the wall and Campbell on the other. Father and son passed one end of the timber through the hole in the wall, and the three got that end placed on the upright piece on Campbell's side. At this stage the son proceeded to raise the other end of the timber while the father set the upright piece in place, and at that moment the end on Campbell's side fell, jerked or knocked the timber out of the son's hands, and that end fell, catching the father's leg or ankle and inflicting the injury complained of.

While certain counts of the complaint on which the case was tried allege negligence on the part of George Campbell, it is not questioned that he was a fellow servant for whose negligence the employer was not responsible in this action. The gravamen of these counts is want of reasonable care in the selection of competent fellow servants. It is charged that Campbell was inexperienced, unskillful, and inefficient, a fact known to the employer, and the injury was proximately caused by such inefficiency.

Plaintiff's evidence does not disclose whether, by the lifting of the other end of the timber, it was jerked out of Campbell's hand or in what way it came to fall. Campbell, as a witness, gives a wholly different version of the entire affair; claims plaintiff dropped an old piece of sill on his own foot, the other workers having nothing to do with it. Dealing with plaintiff's version, we may assume the jury might infer either negligence on Campbell's part or that the accident was due to the plan or method by which

plaintiff was attempting to have this timber put in place. But, coming to consider a want of reasonable care on the part of the employer in the employment of Campbell to work under the direction of plaintiff as a proximate cause of the injury, the evidence discloses no knowledge of any carelessness or inefficiency of Campbell in doing the work of an unskilled laborer nor that he was generally or habitually careless and inefficient as such workman.

There is no evidence that the work in which Campbell was engaged at the time called for any special skill, or that it involved any element of danger, unless danger arose from the method employed by plaintiff in doing the work. Any element of danger accompanying some other part of the repair work, not being engaged in at the time, had no proximate causal connection with this injury.

What we have said applies to those counts charging negligence in failing to supply a sufficient number of workmen to do the work in safety. This court has recognized as one of the duties of the employer to supply a sufficient number of workmen to prevent exposure to that class of hazards which results from an inadequate force to do the work in hand. Alabama, G. S. R. R. Co. v. Vail, 142 Ala. 134, 38 So. 124, 110 Am. St. Rep. 23; 4 Labatt's Master & Servant (2d Ed.) § 1503, p. 4494.

The statement of the rule itself discloses that work in hand must reasonably involve danger to workmen because of inadequate force.

While plaintiff's testimony tended to show an inadequate force to handle certain heavy timbers, such as sills and floor joists, there is no evidence that three men were an inadequate force to handle this timber at the time. Especially is there a want of testimony showing that any danger incident to this work was unavoidable by reasonable precautions in planning the work, a matter under plaintiff's control.

The employer is not to be held negligent for inadequacy of force to do a specific work, if there was a safe and reasonable way to do it with the force in hand. He may reasonably assume the foreman in charge will adopt such plan as to conserve his own safety.

The burden was on plaintiff in this case to show inadequacy of force to place this timber with safety, employing such plans and precautions as were reasonably open to him.

What we have said is equally applicable to the count based on breach of contract to employ a sufficient working force.

The plaintiff having given his version of the contract in presenting his case and defendant having given his version, the trial court is not to be put in error in sustaining objection to the question propounded to plaintiff in rebuttal, apparently calling for a repetition of his testimony on that issue. We find no error to reverse.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

---

©⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes