36 So.2d 102

### REYNOLDS v. ATLANTIC COAST LINE R. CO.
#### 6 Div. 643.

Supreme Court of Alabama.
June 24, 1948.

Rehearing Denied June 30, 1948.

Writ of Certiorari Granted Oct. 25, 1948.
See 69 S.Ct. 91.

28

Jackson, Rives & Pettus, of Birmingham, for appellant.

Graham, Bibb, Wingo & Foster, of Birmingham, for appellee.

LIVINGSTON, Justice.

This is an action under the Federal Employers' Liability Act by Mrs. Marie Reynolds, who sues as the administratrix of the estate of her husband Hury O. Reynolds, deceased, against the Atlantic Coast Line Railroad Company to recover damages for his death. 45 U.S.C.A. § 51 et seq.

The complaint as originally filed and as subsequently amended consisted of twelve counts. Under Rule 28 of this Court, Code 1940, Tit. 7 Appendix, however, the record has been abridged, and for the purposes of this appeal the complaint consists only of counts 10, 11 and 12.

Defendant's amended demurrer to counts 10, 11 and 12 of the complaint was sustained, and because of this adverse ruling plaintiff suffered a nonsuit, and reserved that ruling for this Court's decision. There is thus here presented the single question of the sufficiency of counts 10, 11 and 12.

In count 10, after the required averments of interstate commerce, the plaintiff alleged that her husband had been killed on November 10, 1945, near Lake Harbor, Florida, while working as a member of the train crew of defendant's freight train No. 567. The culpability ascribed was that defendant failed to furnish the deceased with a reasonably safe place to work. It was alleged that freight train No. 567 consisted of an engine and tender and sixteen cars and a caboose; that the ten cars immediately behind the tender were to be cut out of the train at Lake Harbor, and left upon a siding there; that in connection with the intended switching movement, the deceased had taken his position at the lead of the sixth car ahead of the caboose (and just back of the lead ten cars), where the train was thus to be uncoupled; that as said freight train approached the point where the switching movement was to be made and where the ten cars were to be detached from the train, it passed over the track rendered dangerous by the close proximity of tall canes negligently permitted to grow and remain there; that in the performance of his duties, the deceased was required to

pass a signal to the engineer to indicate to him when to stop the train at the appropriate point so as to uncouple the first ten cars from the remainder of the train, and place them on the side track. The count then charged that the signal, which the deceased was thus required to pass to the engineer, ordinarily would have been given as the deceased was suspended from the right side and lead end of the sixth car ahead of the caboose, but that in this instance he was unable to follow that routine because of the tall canes which, as the train moved forward, might scrape him off the side of the car; that he was thus required to cross from the lead end of the sixth car ahead of the caboose, a gondola car, in order to climb aboard a tank car immediately in front of said gondola car as from the side of the tank car he would be above the top of said tall canes so that said canes would not strike him as the moving train passed said canes, and as he could give said signal from the side of the tank car which would be visible to the engineer; that while thus crossing from the one car to the other, the train being in motion, the deceased was thereby caused to enter a place of much greater danger than that with which he would have been confronted had he been able to signal in the ordinary and usual fashion from the right end of the gondola car; and that while so acting under those circumstances of enlarged danger, he fell between the cars and was run over and killed.

In count 11 the plaintiff ascribes her husband's death to the negligent failure of defendant to provide an adequate number of competent fellow servants to work with him in the performance of their duties on the occasion of his death. That the defendant, as a co-worker of the deceased, furnished a brakeman named Skelly, who was so incompetent and unskilled that he could not perform his appointed duties as brakeman to signal the engineer when to stop the train preliminary to the intended switching movement, and that Reynolds, the deceased, was thus required to take over Skelly's job (thereby quitting a safer place of work and the performance of safer labors, in turn undertaken by defendant's conductor), and while thus performing the appointed duties of Skelly, who at that time was standing idle and doing no work whatsoever, Reynolds fell between the two cars of the moving train and was run over and killed.

The theory of liability asserted in count 12 is, in substance, a combination of counts 10 and 11 stated in somewhat greater particularity. It relies upon defendant's negligent failure to furnish the deceased with a reasonably safe place to work, coupled with its negligent failure to provide an adequate number of competent fellow servants to work with him. It charged that defendant provided Skelly as one of the two brakemen on the train; that Skelly was incompetent, and that his duties had to be assumed by deceased, who ordinarily would have signaled the engineer as outlined in count 10, but that because of the danger from the canes, and while performing Skelly's duties, and in attempting to cross from one car to another he fell between the cars and was killed.

■■ The case of course is governed by the federal decisions, and as we have recently said in the case of Atlanta, Birmingham, and Coast R. R. Co. v. Cary, 250 Ala. 675, 35 So.2d 559, 560: "Under these decisions the Federal Employers' Liability Act does not make the employer the insurer of the safety of the employe while on duty. And the basis of liability is the negligence of the employer, not the fact that injuries occur. Negligence must be 'in whole or in part' the cause of the injury."

A party claiming under the Act must in some adequate way establish negligence, and it must appear that such negligence was the proximate cause, in whole or in part, of the accident.—Tennant v. Peoria and Pekin Union Railway Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Tiller v. Atlantic Coast Line R. R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967; Atlanta, Birmingham and Coast R. R. Co. v. Cary, supra; Alabama Great Southern R. Co. v. Davis, 246 Ala. 64, 18 So.2d 737.

■■ It is well understood that negligence may be averred in general terms, but if the pleader attempts to set out the quo modo of the negligence charged, then

the facts alleged must in law constitute negligence, and no particular form is required in alleging the causal connection between the negligence charged and the injury. Where the acts of negligence are alleged, as a general rule it is sufficient to make a direct general allegation that plaintiff's injury resulted from such negligent act or that such negligent act caused the injury. And in suits under the Federal Employers' Liability Act a general allegation that the injury resulted in whole or in part from such negligent act, or that such negligent act caused, in whole or in part, the injury is sufficient.

Also, "Where facts are alleged which show a causal connection between the alleged negligence and the injury, the complaint need not expressly state that such negligence was the proximate cause of the injury. It is sufficient that facts are alleged which, on a reasonable construction, create an inference or lead, with reasonable certainty, to the conclusion that the injury proximately resulted from the negligence charged, as where the complaint sets forth the facts constituting the negligent act or omission complained of, and discloses in logical sequence the facts composing the secondary agency, force, or obstacle, if any, and details the resultant injury. But where the specific facts alleged to show that defendant's negligence was the proximate cause of plaintiff's injury are susceptible of different inferences, no inference in favor of the ultimate fact can be drawn in aid of the complaint." 45 Corpus Juris pp. 1095, 1096, section 668; Birmingham R., Light & Power Co. v. Hinton, 141 Ala. 606, 37 So. 635; Vulcan Rivet Corp. v. Lawrence, 214 Ala. 378, 108 So. 3; Central of Georgia R. Co. v. Bell, 187 Ala. 541, 65 So. 835; Birmingham R., Light & Power Co. v. Fisher, 173 Ala. 623, 55 So. 995; Louisville & Nashville R. Co. v. Vanzant, 158 Ala. 527, 48 So. 389.

■ The most that can be said of count 10 is that defendant's alleged negligent failure to furnish deceased with a reasonably safe place to work consisted in allowing tall canes to grow in close proximity to the railroad track, and which negligence caused plaintiff's intestate, Reynolds, to pursue a different course of conduct, and one alleged to be more hazardous from that ordinarily followed in signaling the engineer, and that while pursuing said different course of conduct he fell between the cars and was killed. Although it is alleged that the different course of conduct followed by Reynolds was more dangerous than the course of conduct ordinarily followed, it is not alleged that it was not reasonably safe. Moreover, the allegation that it was more dangerous is comparative and a conclusion of the pleader. As we have pointed out, the causal connection between the negligence complained of and the injury sustained cannot be left to mere speculation and conjecture. Nowhere in count 10 is it made to appear what caused Reynolds to fall between the cars. Climbing or going from one car to another on a moving freight train, in the performance of their duties, is not unusual for trainmen such as Reynolds was. And although dangerous, the carrier cannot be charged with or made liable for those injuries which result from the usual risks incidental to employment which cannot be eliminated by the carrier's exercise of reasonable care. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. In order to state a cause of action, it must be made to appear by proper averments that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Brady v. Southern R. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Louisville & Nashville R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318. Count 10 does not meet these requirements.

■ As stated, count 11 is predicated upon defendant's failure to provide sufficient help. When such a failure results in injury to an employee, there exists a ground of negligence which is recognized under the Federal Employers' Liability Act, but to permit recovery in such case it must be made to appear that such failure was the proximate cause of the accident. To recover, plaintiff is required to allege and prove not only that the railroad was negligent, but that the injury resulted proximately, in whole or in part, from that negligence. Authorities, supra. See, also,

32

Deere v. Southern Pacific R. Co., 9 Cir., 123 F.2d 438; Marshall v. Chicago, R. I. & P. R. Co., 131 Minn. 392, 155 N.W. 208; Strunks v. Payne, 184 N.C. 582, 114 S.E. 840; Healey v. New York, O. & W. R. Co., 2 Cir., 79 F.2d 542. Count 11 is subject to the same criticism as is count 10. The causal connection between the negligence complained of and the injury sustained is not made to appear, but is left to speculation and conjecture only.

■ Conceding that defendant did not provide sufficient help, yet there is no showing whatever of a direct causal connection between that omission and the death of Reynolds. It is not alleged that he was not free to handle his own movements, or that any superior's orders required him to pursue the course of conduct which he did pursue. It cannot be said that the omission to provide sufficient and competent help was the primary moving cause, which in the natural and probable sequence of events, and without the intervention of a new or independent cause, produced Reynolds' fall between the cars, and his death. Authorities supra.

Count 12 is but a combination of counts 10 and 11. In support of count 12 appellant cites Union Pacific R. Co. v. Hadley, 246 U.S. 330, 38 S.Ct. 318, 62 L.Ed. 751, and Blair v. Baltimore & Ohio R. Co., 323 U.S. 600, 65 S.Ct. 545, 547, 89 L.Ed. 490. In the latter case, Mr. Justice Black said: "The negligence of the employer may be determined by viewing its conduct as a whole. Union Pacific R. Co. v. Hadley, 246 U.S. 330, 332, 333, 38 S.Ct. 318, 319, 62 L. Ed. 751. And especially is this true in a case such as this, where the several elements from which negligence might be inferred are so closely interwoven as to form a single pattern, and where each imparts character to the others." This principle has no application here. The defect in each count of the complaint is not in its failure to allege negligence, but failure to allege facts showing a causal connection between that negligence and the death of Reynolds. Count 12 is as defective in this regard as are counts 10 and 11.

The trial court properly sustained demurrer to all these counts.

Affirmed.

All the Justices concur.