## REYNOLDS, ADMINISTRATRIX, *v.* ATLANTIC COAST LINE RAILROAD CO.

No. 234.   Argued January 10, 1949.—Decided February 14, 1949.

*J. Kirkman Jackson* argued the cause and filed a brief for petitioner.

*Peyton D. Bibb* argued the cause for respondent.   With him on the brief was *Charles Cook Howell.*

PER CURIAM.

The petitioner brought this suit under the Federal Employers' Liability Act in an Alabama state court.   As permitted by the practice in that state, all the facts which the petitioner expected to prove to establish her

cause of action were set forth in the complaint so that any objections to a verdict in her favor based on evidence of those facts could be disposed of prior to trial. The respondent demurred to the complaint on the ground that the facts as thus set forth did not constitute a cause of action. The demurrer was sustained by the trial court and its action was affirmed by the Supreme Court of Alabama.[1] We granted certiorari.[2]

It appears from the complaint that the petitioner's husband was a brakeman whose duties customarily required him to cross between cars on moving freight trains. On one such crossing he fell and was killed. This crossing occurred as part of a required journey from the caboose to a car from which a signal was to be given. The signal ordinarily would have been given from the sixth car from the caboose. The complaint charged, however, that because the railroad had negligently allowed canes to grow alongside the roadbed the deceased could not safely signal from the sixth car and so had to cross to the seventh in order to give the required signal. On this additional crossing he was killed. The complaint also charged that the deceased would not have had to make this particular journey at all if the railroad had provided a competent assistant brakeman. Neither the journey nor the crossing on which the accident occurred was alleged to be any more hazardous than that usually undertaken by railroad brakemen.

The Alabama Supreme Court conceded that the complaint adequately charged negligence in the failure to remove the canes and in the failure to provide a competent fellow servant. It held, however, that the facts alleged did not show that the accident resulted proxi-

---

[1] 251 Ala. 27, 36 So. 2d 102 (1948).
[2] 335 U. S. 852 (1948).

mately, in whole or in part, from that negligence. We cannot say that the Supreme Court of Alabama erred.

*Affirmed.*

MR. JUSTICE FRANKFURTER is of opinion that this is also a case in which the petition for certiorari should not have been granted. See *Wilkerson* v. *McCarthy,* 336 U. S. 53, 64 (concurring opinion). However, inasmuch as the case does not call for an independent examination of the record in order to appraise conflicting testimony, but merely turns on the facts presented in the pleadings, he joins in the Court's disposition of it.

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, MR. JUSTICE MURPHY and MR. JUSTICE RUTLEDGE dissent. See *Lillie* v. *Thompson,* 332 U. S. 459; *Anderson* v. *Atchison, T. & S. F. R. Co.,* 333 U. S. 821.