## REYNOLDS v. ATLANTIC COAST LINE R. CO.

No. 13550.

United States Court of Appeals
Fifth Circuit.

May 13, 1952.

J. Kirkman Jackson, Birmingham, Ala., for appellant.

LeRoy Allen, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a summary judgment dismissing an action brought under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq., by the appellant, Mrs. Marie Reynolds, as administratrix of the estate of her deceased husband, Hury O. Reynolds.

A statement of the history of this litigation, which has been before the Supreme Court of Alabama and the Supreme Court of the United States is necessary to an understanding of the question presented in this action. Mrs. Reynolds first sued to recover damages for her husband's death in

an Alabama state court. As permitted by the practice in that state the plaintiff set forth in her complaint all of the facts which she expected to prove to establish her cause of action. In substance, the complaint alleged that appellant's husband was employed as a brakeman on defendant's freight train No. 567 and, shortly before arriving at the point where he was injured and killed, he had taken a position on the lead end of the sixth car from the caboose in order to give a signal which he was required. to pass to the engineer while suspended from the engineer's side of the moving' train. The complaint charged that because the railroad company had negligently allowed tall canes to remain in close proximity to the track, Reynolds could not safely signal from the sixth car and was required to pass to the seventh car in order to give the signal; that he was killed while making this additional crossing; and that the defendant's negligent failure to provide a reasonably safe place to work, caused Reynolds to place himself in a position of much greater danger than he otherwise would have been in the performance of his duties. The complaint also charged that it would not have been necessary for the deceased to undertake the performance of these duties if the railroad had provided a competent fellow brakeman.

The railroad's demurrer to the complaint, on the ground that the facts as thus set forth did not constitute a cause of action, was sustained by the trial court. Because of this adverse ruling, Mrs. Reynolds suffered a nonsuit and reserved the ruling for review by the Supreme Court of Alabama.

The state Supreme Court pointed out that going from one car to another on a moving freight train is not unusual for a brakeman in the performance of his duties and, although dangerous, the railroad could not be charged with liability for injuries which result from the usual risks incidental to the employment which could not be eliminated by the exercise of reasonable care; and that in order to state a cause of action under the Federal Employer's Liability Act it must appear that the injury was the natural and probable consequences of the negligent or wrongful act. It found

that the complaint was sufficient to charge negligence in allowing tall canes to grow in close proximity to the track and in the failure to provide a competent fellow workman, but held that the facts alleged did not show that the accident resulted proximately, in whole or in part, from that negligence. Accordingly, the Supreme Court of Alabama affirmed the judgment of the Circuit Court of the State. Reynolds v. Atlantic Coast Line R. Co., 251 Ala. 27, 36 So.2d 102.

Mrs. Reynolds' petition for writ of certiorari was granted by the Supreme Court of the United States and on February 14, 1949, the court rendered its decision affirming the decision of the Supreme Court of Alabama. Reynolds, Adm'x v. Atlantic Coast Line Railroad Co., 336 U.S. 207, 69 S.Ct. 507, 93 L.Ed. 618.

In the meantime, the instant suit was brought on November 8, 1948, in the United States District Court for the Northern District of Alabama and on motion of the defendant railroad this action was transferred to the United States District Court for the Southern District of Florida. The complaint charges, in general terms, that by reason of a defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road bed, works or other equipment, and by reason of the negligent failure of the defendant to supply an adequate number of reasonably skilled employees, and because the defendant was generally negligent in the operation, maintenance and control of its engines and cars, the deceased was caused to fall from and be run over by one of the defendant's railroad cars. A pre-trial conference was held and in response to the defendant's requests for admissions the plaintiff admitted that, to the extent that the present action is a suit to recover for the death of the plaintiff's husband, it is the same cause of action that was involved in the decision of the Supreme Court of Alabama and the decision of the Supreme Court of the United States. Whereupon the defendant railroad called upon plaintiff to admit that she is here relying on the same facts as those alleged in the prior Alabama suit and, if this were not true, then to state to the court the factual

differences. In reply the plaintiff stated that she was not relying solely on the facts set out in the complaint filed in the first suit but the details of her evidence were not available at that time. The railroad then propounded to the plaintiff certain interrogatories directed to ascertaining wherein the factual situation expected to be proved under the complaint in the present case differs from that presented in the Alabama suit. But the plaintiff, while answering some of the interrogatories, declined to answer the interrogatory requesting her to point out wherein the facts differed, characterizing it as calling for illegal, incompetent, irrelevant, and immaterial testimony.

Whereupon the railroad filed a motion for summary judgment supported by affidavits, claiming that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. In its motion the defendant stated that the courts had theretofore held that under the facts surrounding the accident the defendant was not liable, that there were no other facts which the plaintiff could prove, and, as a part of its motion, moved the court to interrogate counsel for the plaintiff as to any differences in the factual situation. The motion for summary judgment came on to be heard and the court deferred ruling thereon in order to give the plaintiff further time in which to show by counter affidavits that the facts to be proven in the case at bar were different from those held to be insufficient by the Alabama and United States Supreme Courts. The defendant submitted two counter affidavits. In so far as they purport to show a different factual situation, the pertinent portion is to be found in one of the affidavits which contains a statement obtained from a crew member, which reads in part as follows:

"I was a flagman on train on morning H. O. Reynolds was killed. Mr. Bryan, Mr. Reynolds and I had been in the caboose since we left Clewiston. When we reached the Y about 35 car lengths north of the trestle we started out and we three walked across the top of the 6 gondola cars immediately in front of the caboose. We stopped near front of last or sixth gondola and were standing on top of sand. It was upgrade until we reached trestle and then track started downgrade. I don't recall whether Mr. Bryan said anything or not but he started toward left front part of the gondola and Mr. Reynolds started to step over right front of the gondola and stepped down about 18 inches. He seemed to have one foot on the small platform on front of the gondola when the slack of the cars going downgrade seemed to jerk the car and Mr. Reynolds' foot slipped from the platform. The platform is about 6 to 8 inches wide. When he started to fall he grabbed for the brake wheel but could not hold it. He fell on through between the cars and I didn't see him anymore. There were tall canes on side of track where he fell which brushed side of cars. We had been walking in wet grass and weeds all night along side of track and between the rails which made us wet up to our knees and we were wet when accident occurred. This condition together with sand on the platform and the jerk of slack running out probably made Mr. Reynolds fall."

The court below found that while this statement showed that the deceased's work may have been dangerous, it did not show any negligence whatever on the part of the defendant; that there was no disputed issue of fact for a jury to try; and that the defendant was entitled to summary judgment as a matter of law. Accordingly, judgment was entered in favor of the defendant dismissing the action. This appeal followed.

In the pre-trial hearing, through interrogatories, and by motion for summary judgment, the appellee and the court sought to elicit any information which would tend to indicate that the facts expected to be proved in the instant case might differ in any material respect from those presented in the prior suit. The only result of these repeated inquiries has been the statement set forth above, which was in the appellant's possession at the time the first suit was filed. Under the peculiar circumstances of this case, it seems to us that it was entirely reasonable for the court be-

low to conclude that no other facts existed, and that there was no dispute between the parties as to any material fact.

 Therefore, the question narrows down to this: Since no issue of fact is present, then under the facts presented was the appellee entitled to judgment as a matter of law? We think it was. The statement obtained from the deceased's fellow crew member adds nothing to the picture presented in the prior suit. Under the Federal Employer's Liability Act the basis of recovery is negligence, not mere injury, and the negligence must be the proximate cause of the injury. In order to find that negligence is the proximate cause of an injury "it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances." Milwaukee & St. Paul Railway Co. v. Kellogg, 94 U.S. 469, 475, 24 L.Ed. 256; Brady v. Southern Railway Company, 320 U.S. 476, 483, 64 S.Ct. 232, 88 L.Ed. 239; Wilkerson v. McCarthy, 336 U.S. 53, 65, 69 S.Ct. 413, 93 L.Ed. 497. We agree with the trial judge that the affidavits and admissions of the plaintiff show that the death of appellant's husband was not proximately caused, in whole or in part, by the defendant's negligence.

The judgment of the trial court was right and it is affirmed.