TERRELL, Justice.
This action was brought by appellee under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages *126 for personal injuries alleged to have been received while working as a switchman in the Buena Vista Yard of appellants at Miami, Florida. A jury trial resulted in a verdict of $3,000. Defendant moved for a directed verdict at the close of the plaintiff’s case and at the close of the evidence. Both motions were denied and judgment was entered on the verdict. The defendants have appealed.
It is first contended that there is no showing of negligence on the part of appellants to support the verdict.
It is not disputed that plaintiff was familiar with the Buena Vista Yard'and his work as switchman. He reported to work with four other employees on the night of the accident and was assigned to switch engine No'. 228, which was engaged in switching cars to compose passenger trains. About 3:30 A.M., the engine was hacking south on track 8, plaintiff was standing on the rear east side step of the engine, and as it came to a stop, he stepped off on the paved pathway and in alighting says he received injuries for which he brought this action. The engine was new, had been put in service two weeks prior to the accident, thé lights were on and the yard was well lighted.
The complaint charged that in alighting from the engine the plaintiff stepped into some trash and rubble which caused his injury. He testified that in alighting from the engine, he stepped on a brake shoe and fell causing his injury. In his deposition he testified that he did not know what he hit but he said, “on the steps there’s little bitty notches about that high (illustrating) that’s on the steps, and it could be that I could have caught on one of them and hung my foot.” The decided weight of the evidence was to the effect that there was no impediment on the yard that would cause the plaintiff to fall.
The pertinent part of the Federal Employers’ Liability Act is as follows:
' “Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.”
This act has been construed many times by State and Federal Courts who hold generally that work of a railroad is “attended with danger and can only be carried on by means that are hazardous and dangerous to employees who engage in such employment.” It was therefore incumbent on the plaintiff to show some defect in the yard that caused his injury, that such defe.ct had been brought to the attention of defendant or would have been known to it if it had been diligent or that it could have been corrected within reasonable time. Werner v. Illinois Cent. R. Co., 309 Ill.App. 292, 33 N.E.2d 121; McGivern v. Northern Pac. Ry. Co., 8 Cir., 1942, 132 F.2d 213, 217; Seaboard Air Line R. Co. v. Gentry, Fla., 46 So.2d 485; Atlantic Coast Line R. Co. v. Clarke, Fla., 59 So.2d 778; Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819 and Reynolds v. Atlantic Coast Line R. Co., 336 U.S. 207, 69 S.Ct. 507, 93 L.Ed. 618.
A railroad yard is- not expected to be kept in the full dress condition that one would find a drawing room or a baseball diamond. The very nature and purpose of it contemplates that it will be littered and untidy much of the time. It will be frequented by greasy and unsightly spots at times. Clinkers and parts of discarded machinery will mess up the floor for the time being. Those who' work there are on notice of this condition and should take due precaution to avoid tripping or falling. The only evidence supporting the allegation that plaintiff stepped on a brake shoe and in *127 jured himself was his uncorroborated testimony and that was in at least three versions and were all so indefinite and unconvincing as against the overwhelming evidence to the contrary that no intelligent verdict could be predicated on it. Under the doctrine of the cited authorities, it fell far short of proving that defendant had negligently left or failed to remove an impediment in the yard that was responsible for plaintiff’s injury. He had worked there for' months, the yard was well lighted and plaintiff was on notice of hazards that lurked in his job.
Aside from the fact that negligence was not shown, we think it was error on the part of the trial court to permit the introduction in evidence of a series of photographs designed to show the “look” of the yard. These photographs were taken more than a year after the accident and depicted other parts of the'yard'than where the accident took place. The purpose of this kind of evidence is to reveal a rational picture of what took place or to reproduce as near as may be the locus of the accident.. If it is in any way misleading, it should be rejected. Atlantic Coast Line R. Co. v. Campbell, 104 Fla. 274, 139 So. 886, 890. It is a matter of common knowledge that a railroad yard is a working place, that the spectacle of it changes from day to day and hour to hour. Haying been taken more than a year after the accident, the photographs were remote and misleading and did not depict the scene that they were intended to do.
We are also of the view that it was prejudicial to permit counsel for the plaintiff to urge before the jury that the real rea-, son for the discharge from defendant’s service was that he had filed suit against the railroad. The plaintiff and the terminal superintendent of defendant both testified that there was no connection between the accident and the plaintiff’s discharge. The only purpose of such argument was to prejudice the jury. It was seasonably objected to.
Since we find'no showing of negligence-on the part of the defendant and for submission of improper evidence and argument on the part of the plaintiff, the judgment is reversed.
Reversed.
DREW, C. J., and SEBRING and ROBERTS, JJ., concur.