## BIG RIVERS RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,

v.

## C. C. ROYER et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1968.

John L. Dorsey, Jr., Frank N. King, Jr., Dorsey & Sullivan, Henderson, for appellant.

Leonard T. Mitchell, Mitchell & Withers, Henderson, for appellees.

STEINFELD, Judge.

An electric power company sought to condemn an easement for a transmission line. From a judgment based upon a jury verdict the power company appeals. We affirm.

C. C. Royer and Cleo Royer, his wife, are the owners of 152 acres of farm land in Henderson County. The farm fronts on U.S. Highway 60 and adjoins the University of Kentucky Community College property on its northeast side and runs right up to the Henderson city limits. It has frontage on U.S. Highway 60 of approximately 3,000 feet on its northwest side. The old Henderson-Corydon Road encircles the property on its south boundary. There are 4,410 feet of frontage on the old Henderson-Corydon or Wilson Station Road, all of which frontage is available for subdivision lots and highly desirable as such. The property is rolling land with only 12 acres in crop cultivation. There are improvements on the farm, in part consisting of a residence, barns and stables. It was purchased by Mr. Royer for the purpose of subdividing and plans have been made to subdivide the property.

At the time the Royers purchased the land, and at the time of condemnation, the Henderson-Union RECC owned an easement over the land for the construction and maintenance of an electrical power transmission line. That easement did not specify the exact width. Henderson-Union also had the right of reasonable ingress and egress and had the right to trim and remove trees, brush and other growth that might encumber the distribution line. That line had seven active poles and one stub pole. Henderson-Union also had the right to construct guy wires and other appurtenances in connection with these poles.

On September 30, 1965, Big Rivers Rural Electric Cooperative Corporation condemned an easement which was superimposed over almost all of the former easement held by Henderson-Union. The center line of the easement condemned is 3,390 feet in length and the easement is 100 feet in width except that it is reduced to 30 feet for a distance of approximately 112 feet in the area near the barns and stables. There are 12 single pole structures located on the right of way, there are four guy wires at one of the angles in the easement, there are three guy wires at the other end and there is another structure that is guyed with a single guy arm. Some of the guy wires have common anchors and there are approximately five anchors on the easement. The transmission line carries 69,000 volts. It will replace the existing distribution line and will be used for distribution as well as transmission of power. After the new transmission line was erected the poles in the old distribution line were removed and the distribution line was entirely rebuilt

and strung on the transmission line poles under the new transmission lines.

Big Rivers also acquired the right to trim brush, remove trees and other structures that would be injurious to the lines and it acquired the right of ingress and egress so that it could have access to the transmission lines. Under the terms of the easement Big Rivers has the responsibility and liability to protect the landowners and is liable if any damage is done to animals, growing crops or to the landowners' property. The owners have the right to use their land for crops, pasture land, roadways or anything else that they want to put on the ground, except for trees, tall structures or anything that would interfere with the operation of the transmission lines.

The action was originally instituted in the Henderson County Court. KRS 416.-130; 416.230 to 416.310. The commissioners awarded the owners $5,500.00. All parties appealed, (KRS 416.060) and the jury in the circuit court awarded the owners $8,000.00. Judgment was entered on that verdict and Big Rivers has appealed. It claims that the verdict is excessive and should be set aside and that certain proffered photographs were erroneously excluded.

Mr. Melvin Hunt was the first valuation witness introduced by the owners. He had been in the real estate business for 20 years, was a realtor, had developed subdivisions and had appraised property. He explained the many factors which he had considered in estimating the before taking value and the after taking value. He said that he valued the property before the taking at $294,000.00 and thereafter at $256,000.00. The attorney for Big Rivers objected on three occasions when Mr. Hunt was testifying concerning what Hunt considered comparables. His objections were: "Object to that because of its size in relation to a 152 tract, ten acres"; "Object to that because of its size" and "Same objection there". The court overruled the first objection, sustained the second objection and admonished the jury not to consider the

sale being discussed and sustained the third objection. No other complaint, objection or motion was made by Big Rivers to the testimony of Mr. Hunt.

■ Mr. Hecht S. Lackey was the other appraiser who testified for the owners. He had been in the real estate business for approximately 35 years. He too described the property, explained what he considered its best use and based upon his experience in appraising, stated that the before taking value was $325,000.00. After relating the reasons for diminution in value he said that immediately after the taking the property as a whole would be worth $291,500.00 and that the difference was $33,500.00. There was no objection made nor should there have been because an experienced appraiser is not required to support his values by using comparable sales. Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967); Com., Dept. of Highways v. Blincoe, Ky., 418 S.W.2d 731 (1967) and Com., Dept. of Highways v. Reed, Ky., 414 S.W.2d 904 (1967).

On cross-examination, upon being asked what he took into account in fixing the sale price of the land, he explained that he had considered the same sales that Mr. Hunt had used and that he had considered "about all the land that's been sold in that area." He was interrogated as to various tracts that were sold. When he discussed one small tract counsel for Big Rivers moved "to exclude that sale as any indication of this because of its small size." The objection was sustained and the jury was admonished not to consider that sale. Later that same attorney moved "to strike Mr. Lackey's testimony because all of his comparable sales were not comparable and his testimony is without substantiation." That motion was overruled. With the exception of one other objection which the court sustained and which related to the distribution easement, no other complaint was made regarding the testimony of Mr. Lackey.

In addition to claiming that the verdict was excessive, erroneous and not sustained

by sufficient evidence the movant claimed that the court should grant the new trial because of its failure "to strike the exorbitant testimony of the witness, Lackey, when motion was made therefor by counsel for the plaintiffs".

There was no motion to strike Mr. Hunt's testimony so it must stand, and the motion to strike Lackey's testimony was predicated upon the claim that the comparable sales he had used were not comparable and that "his testimony is without substantiation". There is no merit in these claims, furthermore, counsel did not move that Lackey "be required to revise his estimates and base them only on the factors which properly could be considered. We announced the correct procedure in Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967); Com., Dept. of Highways v. Shaw, Ky., 390 S.W.2d 161 (1965); Com., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967)." Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968). In Stocker we said "For the reasons above stated and since counsel had failed to follow the procedure above referred to, the trial court did not abuse its discretion in refusing to sustain the motion for a new trial on the ground mentioned." That same rationale applies in the case now before us.

The other contention for reversal is that the trial court erred in refusing to allow in evidence photographs offered by the condemnor which purported to show how subdivisions have been developed around transmission lines. Mr. Tom Laswell, a well qualified realtor, was testifying in chief for the condemnor and was discussing transmission lines when he was asked how they might "be integrated or designed into a subdivision." Without objection he explained that this had been done in several subdivisions which he described but none were located in the area of the property being condemned. He was then asked if he had "any pictures which you have compiled of subdivision land after it has been developed with such lines through there?" After replying that he had he was requested to "produce a few of them". Objection to the photographs was promptly made and sustained. By an avowal, made out of the presence of the jury, he discussed what was revealed by these photographs taken of subdivisions in the state but located far distant from the Royer property.

To support this claim condemnor relies upon Com., Dept. of Highways v. Garland, Ky., 394 S.W.2d 450 (1965). We reversed there because of the refusal of the trial court to admit properly authenticated photographs which showed the improvements on the property being condemned. In Sloan v. Com., Dept. of Highways, Ky., 405 S.W.2d 294 (1966) we held that " * * * trial courts are allowed a broad discretion in admitting or rejecting them. 20 Am.Jur., Evidence, Sec. 727 and Sec. 729." The trial court in the case before us did not abuse its discretion in rejecting the photographs. It is our opinion that the testimony introduced that subdivisions have been developed around power lines was sufficient to enlighten the jury on that subject. We believe that these photographs of distant subdivisions had "no relevancy in establishing the fair market value of the appellee(s) land * * *". Com., Dept. of Highways v. Quisenberry, Ky., 402 S.W.2d 427 (1966). See Craft v. Commonwealth, 312 Ky. 700, 229 S.W.2d 465 (1950); Frick v. Commonwealth, 313 Ky. 163, 230 S.W.2d 634 (1950); Loftin v. Howard, Fla., 82 So.2d 125, 57 A.L.R.2d 488; Levi v. Schwartz, 201 Md. 575, 95 A.2d 322, 36 A.L.R.2d 1241; 57 A.L.R.2d 1353; 73 A.L.R.2d 802; Potts v. People of State of Colorado, 114 Colo. 253, 158 P.2d 739, 159 A.L.R. 1410.

The judgment is affirmed.

HILL, MILLIKEN, OSBORNE and WILLIAMS, JJ., concur.

PALMORE, J., not sitting.