ALMON, Justice.
Dalton George, plaintiff in a personal injury action, appeals from a directed verdict granted in favor of the defendant, Alabama Power Company. We affirm.
George, an ironworker with fifteen years of experience, sustained a back injury while sorting or “shaking out” several twenty foot long, 250 pound iron rails at the Greene County Steam Plant. George’s immediate employer, Dunn Construction Company, was under contract to perform various maintenance and improvement projects at the steam plant. George served as the iron-worker foreman on Dunn’s crew at the plant.
At the time of his injury, George and two other ironworkers were assigned the task of constructing a monorail in a tunnel underneath the plant. After reviewing the plans for the monorail, all three men determined that additional ironworkers would be needed to safely perform the work. This fact was allegedly brought to the attention of both Alabama Power and Dunn Construction. Apparently, no action was taken on their request for more men. The three then began working on the monorail and, as his co-workers were performing preliminary welding in the area, George began sorting through the rails and was injured.
George sued Alabama Power, alleging that his injuries were caused by Alabama Power's negligent failure to provide an adequate work force and a safe place to work. These allegations stem from the contract between Alabama Power and Dunn Construction which contained various provisions outlining the duties and authority of the respective companies. The provision to which George attaches particular significance is the grant to Alabama Power of the authority to limit the size of Dunn’s work crews and to prohibit Dunn from hiring additional workers without Alabama Power’s approval. George contends that this provision, coupled with others in the contract, created a master-servant relation between Alabama Power and Dunn even though the contract provided that Dunn was acting as an independent contractor.
At the close of George’s presentation of the case, Alabama Power moved for and was granted a directed verdict. George contends he raised a scintilla in support of his claims that a master-servant relation existed between Alabama Power and Dunn; that Alabama Power had a corresponding duty to provide an adequate work force; that this duty was breached when it failed to do so after it was apprised of the fact that more ironworkers were needed; and that he was injured as a result of Alabama Power’s failure to provide the additional men. He therefore argues that a directed verdict was erroneously entered against him. We disagree.
In Reynolds v. Atlantic Coast Line R. Co., 251 Ala. 27, 36 So.2d 102 (1948), affirmed *941 336 U.S. 207, 69 S.Ct. 507, 93 L.Ed. 618 (1949), the wife of an employee sued his employer under the Federal Employers Liability Act for the wrongful death of her husband. One of the allegations in her complaint was that the employer negligently failed to provide an adequate number of employees to perform the tasks assigned. In affirming the trial court’s action sustaining defendant’s demurrer to this allegation, this Court stated:
Conceding that defendant did not provide sufficient help, yet there is no showing whatever of a direct causal connection between that omission and the death of Reynolds. It is not alleged that he was not free to handle his own movements, or that any superior’s orders required him to pursue the course of conduct he did pursue. It cannot be said that the omission to provide sufficient and competent help was the primary moving cause, which in the natural and probable sequence of events, and without the intervention of a new or independent cause, produced Reynolds’ fall between the [railroad] cars, and his death. * * *
251 Ala. at 32, 36 So.2d at 106 (citations omitted).
Similarly, in Seymour v. Holman, 229 Ala. 634, 158 So. 525 (1935), the plaintiff, an experienced carpenter employed by the defendant as a foreman to perform and oversee repair work, was injured when a heavy timber he and his fellow workers were using to jack up a wall slipped and hit the plaintiff’s ankle. In his suit against his employer, the plaintiff alleged, inter alia, that the employer negligently failed to provide an adequate workforce. This Court affirmed the giving of an affirmative charge below, stating:
While plaintiff’s testimony tended to show an inadequate force to handle certain heavy timbers, such as sills and floor joists, there is no evidence that three men were an inadequate force to handle this timber at the time. Especially is there a want of testimony showing that any danger incident to this work was unavoidable by reasonable precautions in planning the work, a matter under plaintiff’s control.
The employer is not to be held negligent for inadequacy of force to do a specific work, if there was a safe and reasonable way to do it with the force at hand. He may reasonably assume the foreman in charge will adopt such plan as to conserve his own safety.
The burden was on plaintiff in this case to show inadequacy of force to place this timber with safety, employing such plans and precautions as were reasonably open to him.
229 Ala. at 635, 158 So. at 526. The same rule and placement of the burden of proof was followed in Louisville & N. R. Co. v. Green, 255 Ala. 642, 53 So.2d 358 (1951), another action brought under the Federal Employers Liability Act.
Viewing the present case in the light of the facts, rules and decision in Seymour, we are of the opinion that the trial judge properly directed a verdict in favor of Alabama Power. Dalton George is an experienced ironworker. When he began working at the steam plant he was employed as the superintendent in charge of the other iron-workers. Although he was classified as a non-working foreman at first, when the number of ironworkers was reduced, leaving himself, Ferguson and Coley, he became a working foreman. In that capacity he retained the authority to instruct and order the other ironworkers as to the tasks they were to perform and the manner of performance; he also aided them in the completion of those jobs.
At trial, George conceded that ironwork-ers usually work in pairs and that this is the safest way to shake out the rails. He also admitted that he needed another ironwork-er at the other end of the rail in order to safely shake it out. Although no time constraints were placed upon the completion of the monorail, and although he had the authority to order the other ironworkers to help him, he did not ask the others to help him shake out the rails.
It is clear from the foregoing that the danger incident to this work was avoidable by the implementation of other reasonable *942 precautions in planning the work, a matter completely within George’s control. Alabama Power imposed no time constraints upon the completion of the monorail so that securing the aid of his fellow ironworkers in shaking out the rails would have been an eminently reasonable precaution to employ. Even construing the facts in a light most favorable to George, it is clear that he failed to carry his burden of showing that the force supplied by Alabama Power was inadequate to shake out the rails, given such plans and precautions as were reasonably available to George. The fact that Alabama Power may have stood in a master/servant relation to Dunn Construction in no way alters this result. It follows, therefore, that the trial judge properly entered a directed verdict for Alabama Power and his judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J. and FAULKNER, EM-BRY and ADAMS, JJ., concur.