ALMON, Justice.
This is an appeal from a summary judgment for defendants, co-employees of the plaintiff and the workmen’s compensation carrier for plaintiff’s employer, in a suit arising out of plaintiffs injury at his workplace.
Tom W. Gray was employed as a material handler with Syntex Dental Products at its plant in Bay Minette, Alabama. His job was to load and unload materials onto and from large racks in the warehouse portion of the plant. These racks (sometimes called “speed racks” by the parties) apparently consisted of large frameworks onto which standard industrial pallets were placed with a forklift. Syntex employees commonly used two approved methods for obtaining materials off these pallets. One was to remove the pallet from the rack with the forklift, place it on the floor, select the requisitioned material, and replace the pallet. The other method was for one employee to ride in a basket secured to the forks while another employee drove the forklift and raised the basket to the level of the pallet with the desired material, whereupon the employee in the basket would reach onto the pallet and retrieve the material.
*211 About a year prior to Gray’s accident, there was a reduction in work force and Gray worked alone most of the time. On the occasion of his accident, Gray parked the forklift at the appropriate rack and climbed from the forks onto the pallet to retrieve some material. In the process of climbing off the pallet, Gray fell from it eight feet to the floor. The issues presented on this review of the defendants’ summary judgment are (1) whether there was any evidence that the co-employee defendants breached a duty to provide Gray with a safe place to work, to warn him of danger, to promulgate and enforce safety rules, or in some other way to look out for his safety; (2) if there was such a breach, or assuming there might have been such a breach of duty, whether the evidence before the court factually and conclusively established that Gray was contributorily negligent; and (3) as to the workmen’s compensation carrier, whether there was a scintilla of evidence that Gray’s injury was the result of a negligently conducted safety inspection of the workplace by the carrier.
This accident took place prior to the effective date of Act No. 85-41, Ala. Acts 1984-85, so the principles of law to be applied are those of Code 1975, § 25-5-11, as that section existed prior to the enactment of Act No. 85-41. The application of those principles is adequately set forth in Grantham v. Denke, 359 So.2d 785 (Ala.1978); Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334 (Ala.1981); Clements v. Webster, 425 So.2d 1058 (Ala.1982); Welch v. Jones, 470 So.2d 1103 (Ala.1985); and Kennemer v. McFann, 470 So.2d 1113 (Ala.1985). See also George v. Alabama Power Co., 402 So.2d 939 (Ala.1981). Suffice it to say here that, to recover, Gray must show with specificity that the defendants were delegated or assumed a duty — for example, to provide him with a safe place to work, to warn him of danger, or to promulgate and enforce safety rules, see Kennemer v. McFann, supra — and that they breached such a duty, proximately causing his injuries.
Gray testified by deposition that the aisles between the racks were commonly crowded with materials, that the aisle in the vicinity of his accident was so crowded that he could not position the forklift to remove the specified pallet without first clearing the aisle, and that it would have taken him two hours to clear the aisle. He also testified that he had not been told not to climb onto the racks, although he admitted that he had been told to ask for help if he needed it. Further, he said that he and other material handlers had climbed onto the racks on prior occasions without being reprimanded.
There was detailed deposition testimony by each of the individual defendants as to their safety responsibilities and activities. Generally, we note that there was evidence that each of these employees was involved in the formation, promulgation, or implementation of safety rules, and they testified that among the rules that were established and conveyed to the material handlers were that the handlers were (1) not to climb or ride on the forklifts without the buggy attachment; (2) not to climb onto the racks; (3) to remove the pallet with the forklift if the material was too high to be reached from the floor; and (4) to ask for help if they needed it.
The individual defendants are Harry Smith, the industrial relations manager; Larry Baldwin, the personnel manager; Jerry Edmondson, the materials manager; and Randy Rider, the warehouse supervisor and Gray’s immediate supervisor. They argue that Gray seeks to make them liable only on the basis of their general responsibilities for safety and not on the basis of any specific breach of that duty.
We agree that there was no specific breach of duty such as the duty to warn of or correct a known hazard like that present in Fireman’s Fund, supra. The dangers of climbing onto the speed rack were as readily apparent to Gray as they were to anyone else. There was no evidence that Gray was forced to climb into the rack; on the contrary, the evidence shows that it was his decision to do so even though there were other, safer methods of retrieving the materials. This case is analogous to George v. Alabama Power, supra, in which *212 an experienced worker hurt his back lifting steel rods which he knew were too heavy for one man to lift. The materials submitted on the summary judgment motions thus show that the trial court did not err in finding that there was no genuine issue as to a material fact and that the individual defendants were entitled to judgment as a matter of law.
As to the workmen’s compensation insurance carrier, Employers’ Insurance of Wausau, although there was some evidence that it made some inspections at the plant, those inspections were shown to be for specific purposes and there was no indication that those purposes included inspection of the racks or the manner in which employees retrieved materials from the racks. Both Baldwin, who accompanied George T. Davis, the Wausau representative, through the plant, and Davis himself stated by affidavit that Davis never inspected the racks or the pallets. Baldwin’s affidavit states that a Wausau representative on two occasions “took air and dust samples, and studied the chemical exposure and noise pollution” and on another occasion “reviewed medical and emergency care provisions, occupational disease exposure controls, and employee health and return-to-work programs.” Further, a Wausau representative conducted three “loss control surveys.” There is no indication that any of this involved review of safety procedures in the warehouse, and the statements that there was no inspection of the racks are uncontradicted. Therefore, we do not find a scintilla of evidence that any negligence on Wausau’s part contributed to Gray's accident.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.