GAINES *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

MASTER AND SERVANT — INTERSTATE COMMERCE—STATUTES—RAILROADS—FELLOW-SERVANTS.

Recovery is permissible only under the Federal act abolishing the fellow-servant rule and modifying the doctrines of contributory negligence and assumed risk (35 U. S. Stat. § 65, U. S. Comp. Stat. Supp. 1911, p. 1322; see, also, Act No. 104, Pub. Acts 1909, 4 How. Stat. [2d Ed.] § 4110 *et seq.*), in favor of an employee who was engaged at the time of his injury in repairing a drawbar of a freight car that belonged to the Baltimore & Ohio Railroad Company and that had been used to bring coal into Michigan from a foreign jurisdiction.

Error to Shiawassee; Miner, J. Submitted April 9, 1914. (Docket No. 13.) Decided July 24, 1914.

Case by Clarence D. Gaines against the Detroit, Grand Haven & Milwaukee Railway Company, and others, for personal injuries. Judgment for defendants. Plaintiff brings error. Reversed.

*Terry & Parsons* (*George E. Pardee,* of counsel), for appellant.

*Harrison Geer,* for appellees.

BIRD, J. While the plaintiff was employed as a car repairer for the defendant in its yards at Durand, he was severely injured. The circumstances leading to his injury were such that he claims the company was negligent in failing to warn him of the dangers attendant upon his work. The declaration filed included not only a common-law count but a statutory one based upon Act No. 104, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 4110 *et seq.*). At the conclusion of

the proofs the plaintiff requested the trial court to submit the case to the jury upon the statutory count. The defendant objected to this and took the position that, if any recovery could be had, it must be under the Federal act. The trial court, not being impressed with either contention, submitted the case upon the common-law count, and the jury returned a verdict in favor of the defendant. The plaintiff assigns error in this court and relies chiefly upon the action of the trial court in submitting the case upon the common-law count.

The record discloses that, when the plaintiff received his injuries, he was assisting in repairing a defective drawbar on a car belonging to the Baltimore & Ohio Railroad Company. The car had brought a load of coal into this State, and the defendant had conveyed it from Detroit to Durand. On its return trip one of its drawbars was found to be defective, and was placed by the defendant upon its repair track.

Under recent rulings of the Federal Supreme Court, we think it is clear that the defendant, while dealing with this car, was engaged in interstate commerce, notwithstanding the fact that its own line of railway lies wholly within this State. *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1 (25 Sup. Ct. 158) ; *McNeill* v. *Railway Co.,* 202 U. S. 543 (26 Sup. Ct. 722) ; *St. Louis, etc., R. Co.* v. *Seale,* 229 U. S. 156 (33 Sup. Ct. 651) ; *Baltimore & Ohio R. Co.* v. *Darr,* 204 Fed. 751, 124 C. C. A. 565 (47 L. R. A. [N. S.] 4).

If the work at which plaintiff was engaged at the time of his injury was a part of interstate commerce, then his remedy is under the Federal act. *Pedersen* v. *Railroad Co.,* 229 U. S. 146 (33 Sup. Ct. 648). Measured by this test, we have no hesitancy in saying that the repair work in which the plaintiff was engaged when he received his injuries was a part of interstate commerce. The car belonged to a railway

doing an interstate business, and it had come into this State on an errand of interstate commerce. It was one of the instrumentalities of interstate commerce and was being repaired in obedience to a mandate of the Federal statute. Having arrived at this conclusion, it must follow that, if the plaintiff is entitled to recover on account of his injury, it must be done by counting on the Federal statutes. *Fernette* v. *Railroad Co.,* 175 Mich. 653 (144 N. W. 834).

The judgment must be reversed, and the case must go back to the trial court for such further proceedings as are consistent with the law and the rules of court, but defendant will recover costs of this court. *Fernette* v. *Railroad Co., supra.*

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, and STEERE, JJ., concurred with BIRD, J.

MOORE, J. I concur in the result, except I think appellant should recover costs of this court.