66 So.2d 184

**ATLANTIC COAST LINE R. CO.**
**v. WINN.**

**6 Div. 343.**

Supreme Court of Alabama.

June 18, 1953.

Hewlett, Dennis, Bowden & Barton, Atlanta, Ga., and Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

186

PER CURIAM.

In this action appellee obtained a judgment against appellant for personal injuries received while performing service as an employee of appellant in the course of his employment in interstate commerce.

The suit was tried on two counts. Count 1 averred that plaintiff's injuries "were the proximate consequence of or resulted in whole or in part from the negligence of the officers, agents or employees of said defendant or by reason of a defect or insufficiency due to defendant's negligence in its cars, engines, appliances, machinery, tracks, roadbed or other equipment." Count 2 averred that his injuries "were the proximate consequence of and caused by reason of the negligent failure of the defendant to furnish the plaintiff a reasonably safe place in which to work and perform his duties."

The first insistence by appellant is that count 1 is subject to a ground of demurrer assigned to it, "that neither the name nor the identity of any other servant or agent of defendant, whose alleged negligence is alleged to have caused plaintiff's injuries, is set out therein with sufficient certainty."

■ Reliance is had on a line of our cases which hold that when the complaint counts on one of the alternatives of our Employers' Liability Act, Code 1940, Tit. 26, § 326 et seq., other than the first, it should either name the negligent coemployee or allege that his name is unknown to plaintiff. This does not apply to alternative No. 1, which relates to a defect in the ways, works, machinery or plant of defendant. Alternatives 2, 3, 4 and 5 relate to the negligence of some coemployee of defendant under specified circumstances.

The reason of the rule is said to be that the injured party would have better opportunity than the common employer to know the name of the negligent employee under those alternatives. But that it is not necessary to aver the name of the alleged negligent employee when the injured party has no such better opportunity of knowing it, as when alternative No. 1, supra, is used. Armstrong v. Montgomery Street Ry. Co., 123 Ala. 233, 245, 26 So. 349. We have many cases which uphold that principle.

McNamara v. Logan, 100 Ala. 187, 14 So. 175; Woodward Iron Co. v. Herndon, 114 Ala. 191(3), 21 So. 430; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370.

■ The wrongful act charged in count 1 as the negligence of the agents of said defendant is related to such act in a way which carries with it the presumption that plaintiff is in no better position to name them than the defendant. Indeed the contrary is the proper inference.

The contention is not made as to count 2, and it is obviously not subject to that ground of demurrer.

■ The contention is made in brief that count 1 charges the damnifying act to officers, agents or employees of defendant, but does not allege that they were acting in the line and scope of their employment. The count alleges the wrongful act in the language of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in that the injury and damages were the proximate consequence of or resulted in whole or in part from the negligence of any of the officers, agents or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, tracks, roadbed or other equipment.

We find no ground of demurrer which goes to the failure to allege that the officers, agents or employees were acting in the line and scope of their duty as such.

■■ We have held that when the complaint is under the Federal Employers' Liability Act it is sufficient in respect to the element of proximate causation, though such terms are not used in the complaint, when it uses the language of the Act. Alabama Great Southern R. R. Co. v. Smith, 256 Ala. 220, 54 So.2d 453; Reynolds v. Atlantic Coast Line R. Co., 251 Ala. 27, 36 So.2d 102. Of course any negligence of the officers, agents or employees which proximately causes an injury to another employee must have been in the line and scope of their authority as such to support an action against their employer. And in the Reynolds case, supra, 251 Ala. at page 31, 36 So.2d at page 105, we said that use of

the general allegations of the statute is sufficient.

The Act certainly did not intend to create a cause of action against an employer for injuries to an employee by the negligence of another employee who was not then acting in the line and scope of his employment.

It is also insisted that count 1 may be construed as charging that only a part of plaintiff's injuries were caused by the negligence there alleged. Such is not its meaning. The allegation in that respect also follows the language of the Act. It does not allege that the injuries in whole or in part were so caused, but that the injuries (all of them) resulted in whole or in part from the alleged negligence. That means that there may be other controlling causes. But even so, defendant would be liable if its negligence was one of the proximate contributing causes. We so observed in Alabama Great Southern R. R. Co. v. Smith, supra, (syl. 7). We think count 1 is therefore not subject to the demurrer interposed to it.

Appellant next insists that it was due to have been given the affirmative charge, properly requested and refused as to each count separately.

The contention first made is that the accident occurred on the premises of another, not that of defendant, claimed to have been the result of the proximity of a platform on those premises to the spur extending by it and over which defendant was causing the movement of some freight cars. Therefore, that the proof does not sustain the allegation that the negligence of defendant's officers, agents or employees caused plaintiff's injuries, or that there was a defect or insufficiency in the tracks, roadbed or other equipment of defendant.

The claim for damages in said count may be supported by the negligence of defendant's officers, agents or employees in the breach of a nondelegable duty to exercise due care that the place where an employee is required to perform his duties is not defective or insufficient. This is a common-law duty, and its breach gives occasion for action, 56 C.J.S., Master and Servant, § 333, page 1114, and it is set up in that form in count 2.

The question is not controlled by the ownership of the unsafe place, as we will show. But when an employee in the discharge of his duties is moved by the employer onto the premises of some one other than defendant and he must there render the service under the supervision of the employer, we see no reason to exempt the employer from the duty owing him in respect to the safety of the place where such employee must work.

In this case, to state the tendencies of the evidence favorable to appellee, a switching movement was in operation. It was that the engine in making the movement had pushed a car along a spur extending through the grounds and plant of the Unity Spinning Mill and it passed on northward to another plant called Oak Leaf. In passing the Unity plant there were standing four box cars which had to be pushed on to Oak Leaf, where the one car on the north end of the cut was left. The engine then backed pulling the remaining four cars, including the one it started pushing for the purpose of spotting them in the Unity plant where the four cars had been. In passing through and pulling back on the spur in Unity, it passed between two platforms. One was on the west which was a covered place for service to an adjoining warehouse. One was on the east for loading trucks, which platform was uncovered and to which trucks could back. Extending between the platforms there was a gangplank which was moved up and down by a winch. The gangplank was up to permit the movement of the cars. But the east platform was very near the cars moving on the spur; and as the cars moved south it became nearer. Plaintiff testified that he was standing on a bar of the ladder at the back end and on the side of the car next to the engine and riding above the level of the platform. He stepped off onto the platform, which was muddy and wet. This was done in order to aid in spotting the cars, as other evidence showed. At that time a grab iron on the side of the next

car struck his shoulder and pushed him down between it and the platform and as the cut of cars moved it mashed and crushed his chest, rolling him along causing serious injuries. The platform was on the property of Unity and so was the spur. It was presumably constructed and maintained by Unity. The jury could find that it was on that occasion a dangerous place to one serving as plaintiff was, which danger was apparent to those conducting the movement of cars.

■ The negligent act of defendant, if there was any, was in causing plaintiff to work for it, under its control, on the premises of another when those premises were not reasonably safe to perform such service, and defendant either knew of such dangerous condition or by the exercise of due care and diligence should have known it. The duty of the defendant is to use proper diligence to see that the place where defendant puts plaintiff to work as an employee is reasonably safe for that purpose.

■ The duty of the master in this respect is not as to the safety of the place as such, as it would be under subdivision 1 of our Employers' Liability Act, Code 1940, Tit. 26, § 326(1), but as to putting an employee to work at a place which the master knew or ought to have known was not reasonably safe at which to work. Under that principle, the ownership of the place is not controlling. The duty is to the employee. But the master must have known of the danger on another's premises for such work or it was such as to charge him with knowledge. 35 Am.Jur. 602–603; 56 C.J.S., Master and Servant, §§ 212, 333, pages 918, note 23, 1112, note 75. In our case of Seminole Graphite Co. v. Thomas, 205 Ala. 222, 87 So. 366, there was no evidence of knowledge of a defective condition of the premises of another involved or of anything to put upon the employer a duty to inquire. There was no apparent defect, if it was a defect, suggesting that there was danger to the employee to result from the condition of the place. The injured plaintiff had control of the operation. The Thomas case followed a general statement

in Ruling Case Law, now 35 Am.Jur. 602, section 174, without noting the exception set out in it. The writer evidently had in mind only subdivision 1 of our Employers' Liability Act.

In Bice v. Steverson, 205 Ala. 576, 88 So. 753, the counts in question were based on subdivision 1 of the State Employers' Liability Act. That claim cannot be maintained except for negligence in respect to the condition of the ways, works, etc., connected with or used in the business of defendant. The common-law duty, not there involved, is not to put an employee to work at a place which is not reasonably safe, unless the employer has exercised due care to see that it is in reasonably safe condition.

It is said in 56 C.J.S., Master and Servant, § 210, page 918, that where the master is in control of the particular work done on another's premises by his servants, "he is liable for any injuries resulting to them by reason of his negligence in failing to furnish them with * * * a reasonably safe place of work, irrespective of the ownership of such premises".

The case of Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572, is not directly in point in respect to the nature of the damnifying act. The charge was not that the railroad company breached its common-law duty to exercise due care to provide a reasonably safe place to work, but breached a common-law duty owing to its employee to warn him of the dangerous condition, of which he was ignorant and which was known or ought to have been known to the employer.

There are cases in point where a liability was fastened on the railroad employer, based on the common-law duty to use due care, to provide a reasonably safe place to work though the work was done on premises of another over which the employer had no control. Grand Trunk Western R. Co. v. Boylen, 7 Cir., 81 F.2d 91, 93. In that case a factory truck, over which the railroad company had no control, was standing ten or twelve inches from a ladder on the side of a car being moved by defendant in the plant and premises of a furniture company

to "spot" it. Plaintiff, who was standing on that ladder, was hit by contact with the standing truck and knocked off. It was said: "That the truck and platform were not appellant's property can make no material difference. It was appellant's duty to provide for its employees a safe place in which to work." See, also, Porter v. Terminal R. Ass'n, 327 Ill.App. 645, 65 N.E. 2d 31; Altadona v. United States, D.C., 91 F.Supp. 33; Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 191 F.2d 302(6), (24).

■ The wrongful act charged in count 1, as noted above, to have been responsible for plaintiff's injuries as having been done by the officers, agents or employees of defendant, could be established by the failure to exercise due care to furnish plaintiff a reasonably safe place in which to work, which is the breach of a common-law duty and is expressly alleged in count 2. Plaintiff could recover under count 1 for damages resulting from such negligence as is set up specifically in count 2. To sustain count 1 it is not necessary to prove both alternative claims of breach thus alleged. It results that defendant was not due the affirmative charge as to either count.

Refused charge No. 20 was without error. This for the reason that the negligence charged in count 1 could have been the failure to use due care as to the safety of the place where plaintiff was working for defendant, whether defendant was the owner of the place or not.

The other assignments of error insisted on are not tenable, but they do not seem to need special discussion.

The judgment should therefore be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.