[Civ. No. 19888. Second Dist., Div. One. Aug. 30, 1954.]

CLYDE LEWIS, Respondent, v. UNION PACIFIC RAIL-
ROAD COMPANY (a Corporation), Appellant.

E. E. Bennett, Edward C. Renwick, Malcolm Davis and Jack W. Crumley for Appellant.

Raoul D. Magana and Henry P. Lopez for Respondent.

MOSK, J. pro tem.*—Respondent, an employee of the appellant railroad company for more than 20 years, had served as a member of a crew of workmen in appellant's East Los Angeles yards for about two and one-half years prior to April 27, 1950. On that date he was performing certain repair work on a train popularly known as the "City of Los Angeles."

A leak of air pressure was discovered on a routine test of brakes and respondent, together with a fellow workman, Harold Purcell, through a series of tests isolated the leak first to a lounge car numbered 3408 and then more specifically to brake valve number 1864 on that individual car. The two employees, respondent and Purcell, prepared to replace the leaky valve, respondent removing the old valve and Purcell preparing the new.

Respondent seated himself on the rail directly under the valve. He removed three of the four bolts holding the valve in place and set one after another on the rail beside him. After removing the third bolt and while respondent was placing it upon the ground the valve suddenly fell and landed on his left thigh and knee, causing the severe injuries of which he complained in a lawsuit subsequently filed pursuant to the provisions of the Federal Employers' Liability Act.

The "City of Los Angeles" is a train operated between Los Angeles and Chicago, partly on the route conducted by the appellant Union Pacific and partly over the road of the Chicago and Northwestern Railway Company. The coach involved herein was designated a Chicago and Northwestern car, but was attached to a Union Pacific train. It was stipulated that this appellant has no employees in Chicago. The amount of repairs to trains made at Chicago was subject to some conflict at the trial.

The jury returned a verdict for the respondent employee in the sum of $5,500, and from that judgment the appellant railroad has pursued this appeal. The appellant has based its appeal on three grounds: first, the trial court erroneously instructed the jury; second, counsel for respondent committed prejudicial misconduct in the trial; and third, no negligence on the part of appellant was established by the respondent and therefore the verdict of the jury was not substantiated by the evidence. We shall consider the foregoing points seriatim.

 Appellant complains of a jury instruction of the trial court that "It has been established that the car involved

*Assigned by Chairman of Judicial Council.

in the accident was the property of the defendant and that it was in charge of and being operated by agents of that defendant, acting within the scope of their authority." The court was in error as to ownership of the individual railroad car in question, for the only evidence on the subject indicated it was actually the property of the Chicago and Northwestern Railway Company. But title is relatively unimportant under these circumstances, no question having been raised at the trial concerning control and operation of the car by appellant at the time of the accident. ▮ The law seems well settled that a railroad company owes substantially the same duty with regard to cars of another company used on its road as it does to its own cars. (*Baltimore & P. R. Co.* v. *Mackey*, 157 U.S. 72 [15 S.Ct. 491, 39 L.Ed. 624]; *Rowe* v. *Colorado & S. R. Co.*, (Tex.Civ.App.) 205 S.W. 731; *Gaines* v. *Detroit, G. H. & M. Ry. Co.*, 181 Mich. 376 [148 N.W. 397].) ▮ There was an issue as to control of the car at the time of an act of negligence, as contrasted with the time of the accident, but nothing in the foregoing instruction purports to resolve that conflict. Therefore, despite the inaccuracy of the instruction, it was not prejudicially erroneous.

▮ Appellant further complains of misconduct by respondent's counsel in the trial of the action. When counsel obliquely attempted to interject respondent's war record under the guise of showing his tolerance for pain, the court promptly and properly sustained objections to that line of interrogation and discussion. While appeals to emotion are to be avoided in courts of law (*Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636, 642 [270 P.2d 942]), we cannot find counsel for respondent to have committed any improprieties of sufficient significance to be considered prejudicial. There was no conduct here remotely comparable to that censured in *Deibler* v. *Wright*, 119 Cal.App. 277 [6 P.2d 344].

▮ Under the Federal Employers' Liability Act, 45 U.S. C.A. section 51 et seq., every common carrier by railroad shall be liable in damages to an employee for injury resulting in whole or in part from the negligence of the carrier or its employees. It is clear that under the sections of the act applicable here, the employer is not an insurer of the employee's welfare, but the latter has the burden of proving negligence. The railroad is not required to produce evidence to show it is free from negligence (*Schroble* v. *Lehigh Valley R. Co.*, 62 F.2d 993). ▮ The trier of fact may not resort to conjecture as to what might have happened (*Atchison, T. & S. F.*

*R. Co.* v. *Saxon*, 284 U.S. 458 [52 S.Ct. 229, 76 L.Ed. 397]),
and if the accident might have been caused by one of two
or more causes, and the employer responsible for only one,
the burden is on the employee to show the accident was pro-
duced by the cause for which the employer was responsible.
(*Moore* v. *Chesapeake & Ohio Railway Co.*, 340 U.S. 573 [71
S.Ct. 428, 95 L.Ed. 547] ; *New York C. R. Co.* v. *Ambrose*,
280 U.S. 486 [50 S.Ct. 198, 74 L.Ed. 562] ; *Patton* v. *Texas &
P. R. Co.*, 179 U.S. 658 [21 S.Ct. 275, 45 L.Ed. 361] ; *Tremelling*
v. *Southern Pac. Co.*, 51 Utah 189 [170 P. 80].) ■ On the
other hand, it is well established that the employee need not
prove that the negligence of the employer or its servants was
the sole proximate cause of the injury, the railroad being
liable for an injury to an employee although its negligence is
only a contributing proximate cause. (*Atlantic Coast Line R.
Co.* v. *Winn*, 259 Ala. 184 [66 So.2d 184] ; *Grand Trunk W. R.
Co.* v. *Lindsay*, 233 U.S. 42 [34 S.Ct. 581, 58 L.Ed. 838].)

■ The evidence indicates, substantially without conflict,
that respondent was performing his duties in the customary
manner. Thus he was not at fault, after removing three of
the four bolts, in assuming the fourth and remaining bolt
would sustain the weight of the valve. Appellant concedes
there was sufficient evidence from which the jury could find
that the reason the valve fell was that the fourth bolt was
too loose to hold it, but insists there was no evidence offered
to show what caused the bolt to be loose.

■ It is true the evidence did not reveal the identity of
a named individual whose carelessness was responsible for this
unfortunate accident. But it is proper for a jury to draw
inferences from those facts which were presented. (*Hackley*
v. *Southern Pac. Co.*, 6 Cal.App.2d 611, 621 [45 P.2d 447].)
First, there would seem to be no question but that the four
bolts should have been tightened sufficiently to retain the
valve, and the jury could reasonably infer that someone failed
to perform his duty to do so. Second, that failure would have
taken place either in Chicago, where the car was under the
control of the Chicago and Northwestern line, or at Omaha
or Los Angeles, where Union Pacific work was done. And
third, plaintiff testified that in all of his experience he never
saw valve equipment with a card stamp indicating maintenance
by the Chicago and Northwestern, that to his knowledge air
brake equipment was maintained in Los Angeles. The jury
was entitled to infer from his testimony that appellant's
employees in Los Angeles were responsible for the negligent

omission (*Eglsaer* v. *Scandrett,* 151 F.2d 562), particularly since appellant produced no records to indicate the contrary. Counsel stipulated that appellant had no employees in Chicago. Such stipulated testimony, however, did not supply records either of absence of valve or brake work in Los Angeles, or of work actually performed in Chicago or elsewhere. The jury could consider that if the Union Pacific and Northwestern cooperate harmoniously enough to interchange cars, the latter would also upon request make available appropriate records, if existent.

We cannot say as a matter of law that the jury verdict was unsupported by competent evidence, nor that the inferences apparently accepted by the jury from the evidence were unreasonable. █ The appellant would have us reweigh the evidence and reach a contrary conclusion. As frequently reiterated in appellate decisions, this may not be done. (*Tennant* v. *Peoria & Pekin Union R. Co.,* 321 U.S. 29 [64 S.Ct. 409, 88 L.Ed. 520, 525] ; *Harris* v. *Los Angeles Transit Lines,* 111 Cal.App.2d 593, 599 [245 P.2d 35].)

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.